10-3076-cv
Kim v. Columbia Univ.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of February, two thousand twelve.

PRESENT:   RALPH K. WINTER,
                      REENA RAGGI,
                      DENNY CHIN,
                               *Circuit Judges.*

------------------------------------------------------------------------------------

JOHN Y. KIM,

                               *Plaintiff-Appellant*,

                    v.                                                    No. 10-3076-cv

COLUMBIA UNIVERSITY,

                               *Defendant-Appellee*.

------------------------------------------------------------------------------------

FOR APPELLANT:        John Y. Kim, *pro se*, Ho Ho Kus, New Jersey.

FOR APPELLEE:         Edward A. Brill, Alychia Lynn Buchan, Proskauer Rose LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Colleen McMahon, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on June 2, 2010, is AFFIRMED.

Plaintiff John Y. Kim appeals pro se from an award of summary judgment in favor of Columbia University on claims of retaliation for filing federal claims against Columbia under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, and the Employee Retirement Income Security Act of 1974 ("ERISA"), as well as dismissal of a freestanding ERISA claim. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.      Retaliation

We review the challenged award of summary judgment de novo, resolving all ambiguities and drawing all permissible factual inferences in favor of Kim. See Brod v. Omya, Inc., 653 F.3d 156, 164 (2d Cir. 2011). We will uphold the award only if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Id. (quoting Fed. R. Civ. P. 56(c)(2)).

Following de novo review of the record, we affirm the challenged award on Kim's retaliation claim for substantially the reasons stated by the district court. On appeal, Kim argues that the temporal proximity between Columbia's May 2007 closure of his retirement account and the April 2007 settlement proceedings in his then-pending discrimination case

2

was sufficient to permit an inference of retaliation. Although temporal proximity between protected activity and adverse action may be sufficient to satisfy the causality element of a prima facie retaliation claim, this period is measured from the date of the "employer's knowledge of [the] protected activity." Clark Cnty. Sch. Dist. v. Breeden, 532 U.S. 268, 273 (2001) (per curiam); see Nagle v. Marron, 663 F.3d 100, 110–11 (2d Cir. 2011). This court has not identified an outer limit beyond which a temporal relationship is too attenuated to support a finding of causality. See Gorman-Bakos v. Cornell Coop. Extension, 252 F.3d 545, 554 (2d Cir. 2001). Instead, we "exercise [our] judgment about the permissible inferences that can be drawn from temporal proximity in the context of particular cases." Espinal v. Goord, 558 F.3d 119, 129 (2d Cir. 2009).

Here, Kim filed his discrimination claim in federal court in June 2006, and Columbia closed his retirement account approximately eleven months later in May 2007. Kim acknowledges, however, that he initially filed a discrimination complaint against Columbia with the Equal Employment Opportunity Commission in July 1992, and admits that "Columbia had ample knowledge for at least the past fifteen (15) years" of his protected activities. Appellant's Br. 12. This lapse in time, coupled with the undisputed evidence that Kim's retirement account was closed pursuant to Columbia's forfeiture of approximately 2,000 other putatively unvested accounts, is sufficient to eliminate any genuine issue of material fact regarding causation.

2. ERISA

3

a.   Jurisdiction

Columbia argues that we lack jurisdiction to review the district court's order dismissing Kim's ERISA claim because Kim did not specify that order in his notice of appeal. We disagree. Kim stated in his notice that he sought to appeal the order "entered in th[e] action on the 2[nd] day of June, 2010," which included the order of dismissal. That sufficed to provide us with appellate jurisdiction. See New Phone Co. v. City of New York, 498 F.3d 127, 131 (2d Cir. 2007) (explaining that appellate jurisdiction "depends on whether the intent to appeal from [district court's] decision is clear on the face of, or can be inferred from, the notice[] of appeal").

b.   Mootness

We review a judgment of dismissal de novo. See Nike, Inc. v. Already, LLC., 663 F.3d 89, 94 (2d Cir. 2011). Here, Kim appears to have waived any challenge to the district court's dismissal of his ERISA claim on mootness grounds by failing specifically to challenge that decision in his opening brief. See LoSacco v. City of Middletown, 71 F.3d 88, 92–93 (2d Cir. 1995) (holding that issues not raised by pro se litigant in appellate brief were abandoned, and explaining that, although "appellate courts generally do not hold pro se litigants rigidly to the formal briefing standards . . . we need not manufacture claims of error for an appellant proceeding pro se, especially when he has raised an issue below and elected not to pursue it on appeal"); see also JP Morgan Chase Bank v. Altos Hornos de Mex., S.A. de C.V., 412 F.3d 418, 428 (2d Cir. 2005) ("[A]rguments not made in an

4

appellant's opening brief are waived even if the appellant pursued those arguments in the district court or raised them in a reply brief.").  Even if Kim could clear that hurdle, we would identify no error.  The district court properly concluded that Kim's ERISA claim was rendered moot by Columbia's full restoration of Kim's retirement account with interest because that was the only relief to which Kim could be entitled under 29 U.S.C. § 1132(a). See Paneccasio v. Unisource Worldwide, Inc., 532 F.3d 101, 108 (2d Cir. 2008) (holding that "sole remedies" available to plan participants bringing actions under 29 U.S.C. § 1132(a)(1) are for "recovery of benefits due, or for enforcement of the terms of" retirement plan); see also Gerosa v. Savasta & Co., 329 F.3d 317, 321 (2d Cir. 2003) (stating that "[c]lassic compensatory and punitive damages are never included" as forms of relief available under 29 U.S.C. § 1132(a)(3)); Abrams v. Interco Inc., 719 F.2d 23, 32 (2d Cir. 1983) (upholding dismissal of certain claims for lack of jurisdiction because no justiciable case or controversy remained where defendants paid everything to which plaintiffs were entitled).

We have considered Kim's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court