Appeal from an order of the Supreme Court, Niagara County (Catherine R. Nugent Panepinto, J.), entered December 20, 2011. The order denied the motion of defendant for summary judgment dismissing the complaint.
It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
Memorandum: Supreme Court properly denied defendant’s motion for summary judgment seeking dismissal of the complaint in this employment discrimination action. According to plaintiff, defendant unlawfully discriminated against him because of his disability resulting from the death of his daughter. An at-will employee such as plaintiff may lawfully be discharged for any reason other than a statutorily impermissible reason or, indeed, for no reason (see Matter of State Div. of Human Rights v County of Onondaga Sheriffs Dept., 71 NY2d 623, 630 [1988]). Executive Law § 296 (1) (a) makes it an “unlawful discriminatory practice” to discharge an individual “because of’ his or her disability.
To prevail on its motion, defendant was required to “demonstrate either plaintiff’s failure to establish every element of intentional discrimination, or, having offered legitimate, nondiscriminatory reasons for [its] challenged actions, the absence of a material issue of fact as to whether [its] explanations were pretextual” (Forrest v Jewish Guild for the Blind, 3 NY3d 295, 305 [2004]). Here, although defendant met its burden on the motion of offering a legitimate, nondiscriminatory reason for firing plaintiff, i.e., a failed drug test, we agree with plaintiff that on the record before us there are triable issues of fact concerning whether the reason proffered by defendant was a pretext for discrimination {see generally id.). Plaintiff established that defendant’s substance abuse policy was discretionary as to the discipline imposed for the violation of that policy, and plaintiff testified at his deposition that defendant’s presi *1436 dent assured him after he failed the drug test that it was not a problem and not to worry. In addition, plaintiff testified at his deposition that defendant’s president did not discuss the failed drug test at the meeting when plaintiff was fired. Plaintiff established that his supervisor and defendant’s president were aware that he was seeing therapists and taking medication for depression and anxiety since the death of his daughter 14 months earlier. Further, plaintiff testified at his deposition that defendant’s president told him at the meeting when he was fired that he was not the same person he had been before his daughter died. We conclude that plaintiff established that there are triable issues of fact “both [whether] the stated reasons were false and [whether] discrimination was the real reason” (id.; see Ferrante v American Lung Assn., 90 NY2d 623, 629-630 [1997]). Present — Scudder, P.J., Smith, Fahey, Garni and Valentino, JJ.