# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

430
CA 15-01263
PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.

---

JPMORGAN CHASE BANK, NATIONAL ASSOCIATION,
PLAINTIFF-APPELLANT,

V                                                MEMORANDUM AND ORDER

SANDRA A. KOBEE, ALSO KNOWN AS SANDRA KOBEE,
DEFENDANT-RESPONDENT,
ET AL., DEFENDANTS.
(APPEAL NO. 1.)

---

MORGAN, LEWIS & BOCKIUS LLP, NEW YORK CITY (SIMON CHANG OF COUNSEL),
FOR PLAINTIFF-APPELLANT.

---

Appeal from an order of the Supreme Court, Erie County (James H. Dillon, J.), entered December 10, 2014. The order denied the motion of plaintiff for summary judgment and dismissed the complaint.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the complaint is reinstated, and the motion is granted.

Memorandum: Plaintiff commenced this action seeking to foreclose on a mortgage secured by residential property owned by Sandra A. Kobee (defendant). According to plaintiff, defendant borrowed $87,782.00 from Real Estate Mortgage Network, Inc. (REMN) in November 2007 to purchase a home in Cheektowaga, and signed a promissory note in that amount in favor of REMN. The note was secured by a mortgage, which identified defendant as the mortgagor and stated that the security interest "is given to Mortgage Electronic Registration Systems, Inc. (MERS) (solely as nominee for Lender)," i.e., REMN. Defendant later defaulted on the note, and the mortgage was thereafter assigned to plaintiff by MERS, as nominee for REMN. Following joinder of issue, plaintiff moved for summary judgment. Although defendant did not raise standing as an affirmative defense in her answer and did not submit any papers in opposition to the motion, Supreme Court denied the motion and sua sponte dismissed the complaint, concluding that plaintiff lacks "standing to bring a foreclosure action" because MERS never held the note. The court further concluded that the mortgage was not valid. Plaintiff moved for leave to reargue and renew the motion, but the court denied that motion as well. In appeal No. 1, plaintiff appeals from the order denying its motion and dismissing the complaint, and, in appeal No. 2, plaintiff appeals from the denial of the motion for leave to reargue and renew. We now reverse the order in appeal No. 1, reinstate the complaint, and grant plaintiff's

motion.

By failing to raise standing as an affirmative defense in her answer, defendant waived that defense (*see HSBC Bank USA, NA v Halls*, 136 AD3d 752, 753; *HSBC Bank USA, N.A. v Ashley*, 104 AD3d 975, 975-976, *lv dismissed* 21 NY3d 956; *see generally Wells Fargo Bank Minn., N.A. v Mastropaolo*, 42 AD3d 239, 242-244), and the court therefore erred in sua sponte dismissing the complaint on that ground (*see Onewest Bank, FSB v Prince*, 130 AD3d 700, 701; *U.S. Bank, N.A. v Emmanuel*, 83 AD3d 1047, 1048-1049).  In any event, we conclude that plaintiff does not in fact lack standing to commence this action.  "In an action to foreclose a mortgage, the plaintiff has standing where, at the time the action is commenced, it is the holder or assignee of both the subject mortgage and the underlying note" (*Citimortgage, Inc. v Chow Ming Tung*, 126 AD3d 841, 842; *see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 361).  Here, plaintiff not only specifically averred in its verified pleading that it owned the mortgage and note at the time the foreclosure action was commenced, it also submitted an affidavit from one of its vice-presidents, who averred that plaintiff had physical possession of the note at the time the action was commenced, which is sufficient to confer standing upon plaintiff (*see Aurora*, 25 NY3d at 361-362; *Deutsche Bank Natl. Trust Co. v Monica*, 131 AD3d 737, 738-740).

We further conclude that the court erred in determining that the mortgage is invalid (*see Ruiz v Mortgage Elec. Registration Sys., Inc.*, 130 AD3d 1000, 1001-1002; *see also First Franklin Fin. Corp. v Norton*, 132 AD3d 1423, 1424).  Inasmuch as plaintiff met its initial burden of establishing entitlement to judgment as a matter of law, and defendant did not raise an issue of fact, plaintiff is entitled to summary judgment.

Insofar as the order in appeal No. 2 denied that part of plaintiff's motion seeking leave to reargue, no appeal lies from the order (*see Empire Ins. Co. v Food City*, 167 AD2d 983, 984) and, insofar as the order in appeal No. 2 denied that part of the motion seeking leave to renew, the appeal is moot in view of our determination in appeal No. 1 (*see McCabe v CSX Transp., Inc.*, 27 AD3d 1150, 1151).

Entered:  June 10, 2016                        Frances E. Cafarell
                                                Clerk of the Court