# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**454**
**CA 15-00733**
PRESENT: WHALEN, P.J., SMITH, CENTRA, TROUTMAN, AND SCUDDER, JJ.

---

NNPL TRUST SERIES 2012-1, PLAINTIFF-RESPONDENT,

V                                    MEMORANDUM AND ORDER

DIANNE L. LUNN, DEFENDANT-APPELLANT,
ET AL., DEFENDANTS.
(APPEAL NO. 2.)

---

DIANNE L. LUNN, DEFENDANT-APPELLANT PRO SE.

JOHN PINCUS, NEW YORK CITY, FOR PLAINTIFF-RESPONDENT.

---------------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Monroe County (J. Scott Odorisi, J.), entered March 11, 2015 in a mortgage foreclosure action. The judgment, among other things, ordered that the mortgaged premises be sold.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Kondaur Capital Corporation, as Separate Trustee of Matawin Ventures Trust Series 2012-3 (Kondaur), the predecessor in interest to plaintiff, NNPL Trust Series 2012-1 (NNPL), commenced this action seeking to foreclose a mortgage secured by residential property owned by Dianne L. Lunn (defendant). Defendant executed a note with Access National Mortgage on February 23, 2006, and the mortgage was executed and delivered to Mortgage Electronic Registration Systems, Inc., solely as nominee for Access National Mortgage. It is undisputed that defendant defaulted on the note on January 1, 2008. The note was indorsed from Access National Mortgage to Countrywide Bank, NA; from Countrywide Bank, NA to Countrywide Home Loans Servicing, LP; from Countrywide Home Loans Servicing, LP to Bank of America, NA, which commenced a foreclosure action that it later withdrew; from Bank of America, NA to the Secretary of the Department of Housing and Urban Development (HUD); and by allonge to the note by HUD to Kondaur. Kondaur commenced the instant action in December 2013. Kondaur thereafter moved, inter alia, for summary judgment on the complaint and to amend the caption, and defendant cross-moved to dismiss the complaint based upon, inter alia, Kondaur's alleged lack of standing to commence the action. Supreme Court granted Kondaur's motion, and defendant appeals.

Contrary to defendant's contention, the court properly determined that Kondaur had standing to commence the foreclosure action, and

granted that part of Kondaur's motion for summary judgment and entered a judgment of foreclosure. " 'In an action to foreclose a mortgage, the plaintiff has standing where, at the time the action is commenced, it is the holder or assignee of both the subject mortgage and the underlying note' " (*JPMorgan Chase Bank, N.A. v Kobee*, 140 AD3d 1622, 1623-1624; *see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 360-361; *PennyMac Corp. v Chavez*, 144 AD3d 1006, 1007).  It is well established that " 'physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident' " (*JPMorgan Chase Bank, N.A. v Weinberger*, 142 AD3d 643, 645; *see Aurora Loan Servs., LLC,* 25 NY3d at 361).  Contrary to defendant's contention, Kondaur established that it possessed the note at the time it commenced the action by providing the affidavit of a foreclosure specialist, in which he concluded that, based upon the business records he reviewed, the original note was delivered to Kondaur on December 10, 2012 and Kondaur had maintained possession of the note since that time (*see PennyMac Corp.*, 144 AD3d at 1007; *Kobee*, 140 AD3d at 1624; *cf. JPMorgan Chase Bank, N.A. v Hill*, 133 AD3d 1057, 1059).

Contrary to defendant's further contention, the court did not abuse its discretion in granting that part of Kondaur's motion seeking to amend the caption to substitute NNPL as plaintiff (*see* CPLR 1018). Kondaur established that it had transferred its interest in the note and mortgage to NNPL, and that NNPL had physical possession of the note and mortgage, thereby conferring standing to proceed with the foreclosure action against defendant.  We have reviewed defendant's remaining contentions and conclude that they are without merit.

Entered:  April 28, 2017                    Frances E. Cafarell
                                            Clerk of the Court