■ THE BANK OF NEW YORK MELLON, as Trustee for CIT MORTGAGE LOAN TRUST 2007-1, Respondent, v ROBERT ANDERSON, Also Known as ROBERT K. ANDERSON, et al., Appellants, et al., Defendants. [58 NYS3d 809]—

Appeal from an amended order of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered February 22, 2016. The amended order, insofar as appealed from, granted plaintiff's motion for summary judgment.

It is hereby ordered that the amended order insofar as appealed from is unanimously reversed on the law without costs and plaintiff's motion is denied.

Memorandum: In this residential foreclosure action, defendants-appellants (defendants) appeal from an amended order insofar as it granted plaintiff's motion for summary judgment and an order of reference. Plaintiff commenced this action by summons and verified complaint to which plaintiff attached, inter alia, a copy of the note endorsed in blank and a copy of the mortgage. In their answer, defendants asserted general denials and affirmative defenses including a defense that plaintiff lacked standing to commence the action. Plaintiff thereafter moved for summary judgment and submitted, inter alia, the affidavit of an authorized signatory of Caliber Home Loans, Inc. (Caliber), plaintiff's loan servicer.

We conclude that Supreme Court erred in granting plaintiff's motion because plaintiff failed to establish standing. It is well settled that a plaintiff moving for summary judgment in a mortgage foreclosure action establishes its prima facie case by submitting a copy of the mortgage, the unpaid note and evidence of default (*see Deutsche Bank Natl. Trust Co. v Brewton*, 142 AD3d 683, 684 [2016]; *HSBC Bank USA, N.A. v Spitzer*, 131 AD3d 1206, 1206-1207 [2015]). Where the defendant has asserted lack of standing as an affirmative defense, the plaintiff also must establish standing as an additional requirement of its prima facie case (*see Deutsche Bank Natl. Trust Co.*, 142 AD3d at 684; *HSBC Bank USA, N.A. v Baptiste*, 128 AD3d 773, 774 [2015]). Where the note is endorsed in blank, the plaintiff may establish standing by demonstrating that it had physical possession of the original note at the time the action was commenced (*see Deutsche Bank Natl. Trust Co.*, 142 AD3d at 684-685; *see generally Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 361 [2015]). The plaintiff may do so through an affidavit of an individual swearing to such possession following a review of admissible business records (*see Aurora Loan Servs.*, 25 NY3d at 359-361; *JPMorgan Chase Bank, N.A. v Weinberger*, 142 AD3d 643, 644-645 [2016]; *see generally* CPLR 4518 [a]).

We agree with defendants that the affidavit submitted by plaintiff in support of its motion was insufficient to establish

standing. The Caliber employee who authored the affidavit stated that Caliber maintains plaintiff's books and records pertaining to the mortgage account; plaintiff had physical possession of the original note before the action was commenced and remained in physical possession of the original note as of the date of the motion; and he was personally familiar with Caliber's record-keeping practices. However, plaintiff failed to demonstrate that its records pertaining to defendants' account were admissible as business records (*see* CPLR 4518 [a]), inasmuch as the affiant did not swear that he was personally familiar with plaintiff's record-keeping practices and procedures (*see Aurora Loan Servs., LLC v Baritz*, 144 AD3d 618, 619-620 [2016]; *Deutsche Bank Natl. Trust Co.*, 142 AD3d at 685).

Contrary to plaintiff's contention, the mere attachment of a copy of the note to the verified complaint does not demonstrate that plaintiff had physical possession of the original note when the action was commenced (*see generally Deutsche Bank Natl. Trust Co.*, 142 AD3d at 684-685), and thus is insufficient to establish standing. Present—Centra, J.P., Lindley, DeJoseph, NeMoyer and Troutman, JJ.