Appeal from an order of the Supreme Court, Monroe County (Evelyn Frazee, J.), entered March 10, 2016. The order, among other things, granted plaintiff’s motion for summary judgment.
 

 It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
 

 Memorandum: Plaintiff, as trustee for the Structured Asset Investment Loan Trust 2005-4 (Trust), commenced this action seeking to foreclose a mortgage secured by residential property owned by James D. Liebel (defendant). We conclude that Supreme Court properly granted plaintiff’s motion for, inter alia, summary judgment on its complaint, and denied defendant’s cross motion for summary judgment dismissing the complaint. Contrary to defendant’s contention, plaintiff had standing to commence the foreclosure action. “ Tn an action to foreclose a mortgage, the plaintiff has standing where, at the time the action is commenced, it is the holder or assignee of both the subject mortgage and the underlying note’ ” (JPMorgan Chase Bank, N.A. v Kobee, 140 AD3d 1622, 1623-1624 [2016]; see NNPL Trust Series 2012-1 v Lunn, 149 AD3d 1552, 1553 [2017]). Here, plaintiff sufficiently pleaded in its complaint that it “is the current owner and holder of the aforesaid mortgage and note.” Moreover, plaintiff’s submissions in support of its motion establishied that the note and mortgage were assigned to the Trust in 2005 and have not been subsequently reassigned (see NNPL Trust Series 2012-1, 149 AD3d at 1554; JPMorgan Chase Bank, N.A., 140 AD3d at 1624). Defendant failed to raise an issue of fact with respect to plaintiff’s standing, and indeed admitted the foregoing facts in his answer and in the submission of his attorney (see generally NNPL Trust Series 2012-1, 149 AD3d at 1554; JPMorgan Chase Bank, N.A., 140 AD3d at 1624).
 

 Contrary to defendant’s further contention, we conclude that the court did not abuse its discretion in permitting plaintiff to amend its pleadings to conform to the proof with respect to a 2008 foreclosure action and a 2009 loan modification agreement (see CPLR 3025 [c]; Loomis v Civetta Corinno Constr. Corp., 54 NY2d 18, 23 [1981], rearg denied 55 NY2d 801 [1981]; Murray v City of New York, 43 NY2d 400, 405-406 [1977], rearg dismissed 45 NY2d 966 [1978]). We have considered defendant’s remaining contentions and conclude that they are without merit.
 

 Present — Whalen, P.J., Centra, DeJoseph, NeMoyer and Winslow, JJ.