Dotson v J.C. Penney Co., Inc. (2018 NY Slip Op 02036)





Dotson v J.C. Penney Co., Inc.


2018 NY Slip Op 02036


Decided on March 23, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


22 CA 17-00664

[*1]LONNIE DOTSON AND SONIA DOTSON, PLAINTIFFS-RESPONDENTS,
v
J.C. PENNEY COMPANY, INC., J.C. PENNEY CAROUSEL STORE, DAVID STANTON, INDIVIDUALLY, AND ACTING AS AGENT, SERVANT AND/OR EMPLOYEE OF J.C. PENNEY COMPANY, INC., AND ANDREW VAUGHN, INDIVIDUALLY, AND ACTING AS AGENT, SERVANT AND/OR EMPLOYEE OF J.C. PENNEY COMPANY, INC., GARY MIGUEL, CHIEF OF POLICE FOR CITY OF SYRACUSE, CITY OF SYRACUSE POLICE DEPARTMENTL, CITY OF SYRACUSE, DEFENDANTS-APPELLANTS, ET AL., DEFENDANTS. (APPEAL NO. 1.) 






SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (KRISTIN L. NORFLEET OF COUNSEL), FOR DEFENDANTS-APPELLANTS J.C. PENNEY COMPANY, INC., J.C. PENNEY CAROUSEL STORE, DAVID STANTON, INDIVIDUALLY, AND ACTING


 


 Appeals from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered October 20, 2016. The order, among other things, denied in part the motion of defendants Gary Miguel, City of Syracuse Police Department and City of Syracuse for summary judgment. 
Now, upon reading and filing the stipulation of discontinuance with respect to defendants J.C. Penney Company, Inc., J.C. Penney Carousel Store, David Stanton, individually, and acting
as agent, servant and/or employee of J.C. Penney Company, Inc., and Andrew Vaughn, individually, and acting as agent, servant and/or employee of J.C. Penney Company, Inc. signed by counsel for those defendants and for plaintiffs on November 22, 2017,
It is hereby ORDERED that said appeal by defendants J.C. Penney Company, Inc., J.C. Penney Carousel Store, David Stanton, individually, and acting as agent, servant, and/or employee of J.C. Penney Company, Inc., and Andrew Vaughn, individually, and acting as agent, servant, and/or employee of J.C. Penney Company, Inc. is unanimously dismissed upon stipulation, and the order is modified on the law by granting the motion of defendants Gary Miguel, Chief of Police for City of Syracuse, and City of Syracuse in its entirety, and dismissing the amended complaint against them, and as modified the order is affirmed without costs.
Memorandum: Sonia Dotson (plaintiff) and plaintiff Lonnie Dotson (Dotson) commenced this action against, inter alia, defendant J.C. Penney Company, Inc. seeking damages arising from a physical altercation in a shopping mall store on October 21, 2006. Thereafter, the complaint was amended to assert the 10th to 15th causes of action against the City of Syracuse (City) and Gary Miguel, the chief of police for the City (collectively, defendants), as well as against defendant City of Syracuse Police Department (SPD). Plaintiff was an SPD community service officer (CSO) and Dotson, her spouse, was an SPD police officer. The 10th to 15th causes of action allege, inter alia, that the SPD orchestrated the arrest and criminal prosecution of plaintiff for the shopping mall altercation in retaliation for a prior complaint of discrimination filed by plaintiff against it.
Defendants and the SPD moved to dismiss the amended complaint (complaint) against them. Supreme Court granted their motion in part, dismissed the complaint against the SPD and the 11th cause of action against defendants, and otherwise denied the motion. There was no appeal. Thereafter, defendants moved for summary judgment dismissing the remainder of the complaint against them. The court granted their motion only in part, dismissing the 10th cause of action insofar as it is based on allegations of unlawful discrimination and dismissing the remainder of the complaint against defendants insofar as it is asserted by Dotson. In appeal No. 1, defendants contend that the court should have granted their motion in its entirety and dismissed the complaint against them. We agree, and we therefore modify the order in appeal No. 1 accordingly.
We agree with defendants that the court erred in denying that part of their motion for summary judgment dismissing the retaliation-based causes of action against them. Defendants met their initial burden by demonstrating that plaintiffs failed to establish every element of retaliation (see Forrest v Jewish Guild for the Blind, 3 NY3d 295, 305 [2004]; Clark v Thruway Fasteners, Inc., 100 AD3d 1435, 1435 [4th Dept 2012]), and plaintiffs failed to raise an issue of fact in opposition (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). More particularly, plaintiffs failed to establish the existence of a causal connection between plaintiff's discrimination complaint and the alleged retaliatory action (see Dotson v City of Syracuse, 688 Fed Appx 69, 73 [2d Cir 2017]; Howard v City of New York, 602 Fed Appx 545, 549 [2d Cir 2015]; see also Forrest, 3 NY3d at 312-313).
A plaintiff may establish causation by submitting evidence of, inter alia, temporal proximity between the protected activity and the adverse action or disparate treatment of similarly situated employees (see Hicks v Baines, 593 F3d 159, 170 [2d Cir 2010]). Although temporal proximity may be sufficient to establish the causation element, the relevant period is measured from the date of the "employer's knowledge of [the] protected activity" (Clark County Sch. Dist. v Breeden, 532 US 268, 273 [2001]; see Kim v Columbia Univ., 460 Fed Appx 23, 25 [2d Cir 2012]). In support of their motion, defendants submitted plaintiff's complaint to the Equal Employment Opportunity Commission, which was dated November 4, 2003, i.e., nearly three years before the physical altercation that allegedly gave rise to the retaliatory action. Thus, to the extent that plaintiffs relied on temporal proximity to establish causation, we conclude that they failed to establish the requisite causal nexus (see Howard, 602 Fed Appx at 549).
Plaintiffs also failed to establish causation based upon disparate treatment of similarly situated employees. "An employee is similarly situated to [coemployees] if they were (1) subject to the same performance evaluation and discipline standards' and (2) engaged in comparable conduct' " (Ruiz v County of Rockland, 609 F3d 486, 493-494 [2d Cir 2010], quoting Graham v Long Is. R.R., 230 F3d 34, 40 [2d Cir 2000]). Each of the employees identified by plaintiffs was a police officer, not a CSO, and thus, by plaintiffs' own admission, they were subject to different performance and discipline standards. Moreover, unlike plaintiff, none of those employees was alleged to have engaged in a physical confrontation with a civilian while off duty. We therefore conclude that plaintiffs failed to raise an issue of fact sufficient to defeat defendants' motion (see generally Zuckerman, 49 NY2d at 562).
In light of the above analysis, we agree with defendants that the cause of action alleging that Miguel aided and abetted the City's retaliatory acts cannot survive (see Forrest, 3 NY3d at 314). Furthermore, the cause of action alleging municipal liability for Miguel's conduct cannot survive absent an act taken in violation of plaintiff's constitutional rights (see City of Los Angeles v Heller, 475 US 796, 799 [1986]; Curley v Village of Suffern, 268 F3d 65, 71 [2d Cir 2001]).
Finally, in view of our determination in appeal No. 1, we dismiss the appeal from the order in appeal No. 2 as moot (see JPMorgan Chase Bank, N.A. v Kobee, 140 AD3d 1622, 1624 [4th Dept 2016]).
Entered: March 23, 2018
Mark W. Bennett
Clerk of the Court