The Bank of N.Y. Mellon v Simmons (2019 NY Slip Op 00792)





The Bank of N.Y. Mellon v Simmons


2019 NY Slip Op 00792


Decided on February 1, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


1413 CA 18-01110

[*1]THE BANK OF NEW YORK MELLON, FORMERLY KNOWN AS THE BANK OF NEW YORK AS SUCCESSOR TRUSTEE FOR JPMORGAN CHASE BANK, N.A., AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATE HOLDERS OF EQUITY ONE ABS, INC. MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2004-3, PLAINTIFF-RESPONDENT,
v
JAMES C. SIMMONS, DEFENDANT-APPELLANT, PEOPLE OF THE STATE OF NEW YORK, ET AL., DEFENDANTS. 






THE LAW OFFICE OF JAMES C. SIMMONS, EAST AMHERST (JAMES C. SIMMONS OF COUNSEL), FOR DEFENDANT-APPELLANT.
GREENBERG TRAURIG, LLP, NEW YORK CITY (LEAH N. JACOB OF COUNSEL), FOR PLAINTIFF-RESPONDENT.


 Appeal from an order of the Supreme Court, Erie County (John L. Michalski, A.J.), entered August 31, 2017. The order, among other things, granted plaintiff's motion for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this residential foreclosure action, we reject the contention of James C. Simmons (defendant) that Supreme Court erred in granting plaintiff's motion for, inter alia, summary judgment on the complaint and an order of reference and in denying defendant's pro se cross motion for, inter alia, summary judgment dismissing the complaint. "It is well settled that a plaintiff moving for summary judgment in a mortgage foreclosure action establishes its prima facie case by submitting a copy of the mortgage, the unpaid note and evidence of default" (Bank of N.Y. Mellon v Anderson, 151 AD3d 1926, 1927 [4th Dept 2017]; see Green Planet Servicing, LLC v Martin, 141 AD3d 892, 893 [3d Dept 2016]; Wells Fargo Bank, N.A. v Deering, 134 AD3d 1468, 1469 [4th Dept 2015]). Here, plaintiff met its initial burden by submitting, among other things, a copy of the mortgage, the unpaid note, and an affidavit of indebtedness demonstrating that defendant defaulted on his monthly installments by failing to tender payment within 30 days of the due date (see generally Bank of N.Y. Mellon, 151 AD3d at 1927). Even "[v]iewing, as we must, the evidence of the nonmoving party as true and granting [him] every favorable inference" (Hartford Ins. Co. v General Acc. Group Ins. Co., 177 AD2d 1046, 1047 [4th Dept 1991]), we conclude that, in opposition to the motion, defendant failed "to demonstrate the existence of a triable issue of fact as to a bona fide defense to the action" (Lawler v KST Holdings Corp., 115 AD3d 1196, 1198-1199 [4th Dept 2014], lv dismissed 24 NY3d 989 [2014] [internal quotation marks omitted]; see JPMorgan Chase Bank, N.A. v Bussone, 136 AD3d 1342, 1342 [4th Dept 2016]).
We have reviewed defendant's remaining contentions and conclude that they lack merit.
Entered: February 1, 2019
Mark W. Bennett
Clerk of the Court