Cenlar FSB v Glauber (2020 NY Slip Op 07028)





Cenlar FSB v Glauber


2020 NY Slip Op 07028


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2017-08068
2019-03871
 (Index No. 34887/12)

[*1]Cenlar FSB, respondent, 
v
Eva Glauber, appellant, et al., defendants. Jeremy Rosenberg, Chestnut Ridge, NY, for appellant.


Frenkel, Lambert, Weiss, Weisman & Gordon, LLP, Bay Shore, NY (Ruth O'Connor of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Eva Glauber appeals from (1) an order of the Supreme Court, Rockland County (Robert M. Berliner, J.), dated July 13, 2017, and (2) a judgment of foreclosure and sale of the same court dated July 13, 2017. The order granted the plaintiff's motion for a judgment of foreclosure and sale and to confirm the referee's report, and denied the cross motion of the defendant Eva Glauber for leave to renew her opposition to the plaintiff's prior motion for leave to reargue its motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant Eva Glauber and for an order of reference. The judgment of foreclosure and sale, upon the order, inter alia, confirmed the referee's report and directed the sale of the subject property.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
In August 2012, the plaintiff commenced this action to foreclose a mortgage on certain property located in Rockland County against, among others, the defendant Eva Glauber (hereinafter the defendant). The plaintiff alleged that, in July 2002, the defendant executed a note in the sum of $215,000 in favor of Olympia Mortgage Corp. (hereinafter Olympia) and delivered a mortgage to secure payment of the note. The plaintiff also alleged that as of November 2011, the defendant defaulted on the mortgage. The defendant interposed an answer in which she asserted various affirmative defenses, including that the plaintiff lacked standing.
Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. In an order dated October 27, 2014, the Supreme Court denied the plaintiff's motion, holding that the plaintiff failed to establish standing. On August 6, 2015, however, the court granted the plaintiff's motion for leave to reargue its prior motion and, upon reargument, granted the plaintiff's prior motion, based upon a copy of a written assignment of mortgage which included an assignment of the note from the original mortgage creditor to the plaintiff. The plaintiff thereafter moved for a judgment of foreclosure and sale and to confirm the referee's report. The defendant opposed that branch of the motion which was to confirm the referee's report, on the ground, among others, that the referee had failed to conduct a hearing on notice to her pursuant to CPLR 4313. The defendant also cross-moved for leave to renew her opposition to the plaintiff's motion for reargument. The court granted the plaintiff's motion and denied the defendant's cross motion. The defendant appeals.
In moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default (see Plaza Equities, LLC v Lamberti, 118 AD3d 688, 689). Additionally, where, as here, the plaintiff's standing is placed in issue, the plaintiff must prove its standing in order to be entitled to relief (see U.S. Bank Trust, N.A. v Porter, 175 AD3d 530, 531; Plaza Equities, LLC v Lamberti, 118 AD3d at 689). A plaintiff has standing in a mortgage foreclosure action when it is the holder or assignee of the underlying note at the time the action is commenced (see U.S. Bank N.A. v Mezrahi, 169 AD3d 952, 953). "'Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident'" (id. at 953, quoting U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754). Here, we agree with the Supreme Court's determination that the written assignment of mortgage, which stated that the original mortgage creditor "hereby assigns onto the assignee, a certain mortgage dated July 23, 2002, made by EVA GLAUBER to OLYMPIA MORTGAGE CORP . . . TOGETHER with the bond or note or obligation described in said mortgage," established the plaintiff's standing, and nothing submitted by the defendant on her motion for renewal demonstrated a triable issue of fact as to standing. That the original mortgage creditor assigned the mortgage after its dissolution did not affect the validity of the assignment, since a corporation may dispose of its assets in the process of winding up its affairs (see Business Corporations Law § 1005).
Further, we agree with the Supreme Court's determination to confirm the referee's report. The court afforded the defendant "the opportunity to present evidence relative to this subject directly to it on the motion to confirm" and the defendant presented no evidence that the referee's computations were inaccurate (Shultis v Woodstock Land Dev. Assoc., 195 AD2d 677, 678; see Capital One, NA v Amid, 174 AD3d 494, 495; Bank of N.Y. Mellon v Hoshmand, 158 AD3d 600; Deutsche Bank Natl. Trust Co. v Williams, 134 AD3d 981, 981; Federal Deposit Ins. Corp. v 65 Lenox Rd. Owners Corp., 270 AD2d 303). Contrary to the defendant's contention, under these circumstances, the referee was not required to conduct a hearing prior to the issuance of her report to the court (see Capital One, N.A. v Knollwood Props. II, LLC, 98 AD3d 707; LBV Props. v Greenport Dev. Co., 188 AD2d 588).
The defendant's remaining contentions are without merit.
RIVERA, J.P., CHAMBERS, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court