U.S. Bank Trust, N.A. v Pieri (2021 NY Slip Op 04833)





U.S. Bank Trust, N.A. v Pieri


2021 NY Slip Op 04833


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


488.1 CA 19-01987

[*1]U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST, PLAINTIFF-RESPONDENT,
v
KENNETH H. PIERI, KENSU-1, L.P., DEFENDANTS-APPELLANTS, ET AL., DEFENDANT. 






LAW OFFICE OF GARY R. EBERSOLE, GRAND ISLAND (GARY R. EBERSOLE OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
FEIN, SUCH & CRANE, LLP, ROCHESTER, D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order and judgment of the Supreme Court, Erie County (M. William Boller, A.J.), entered September 27, 2019. The order and judgment, inter alia, ordered that the mortgaged property be sold at public auction. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this mortgage foreclosure action against, among others, Kenneth H. Pieri and KenSu-1, L.P. (defendants). Plaintiff moved for, inter alia, summary judgment on the amended complaint and the appointment of a referee, and defendants cross-moved for, inter alia, summary judgment dismissing the amended complaint against them. Supreme Court granted the motion and denied the cross motion. We affirm.
Defendants contend that plaintiff failed to meet its burden on the motion of demonstrating its standing to commence the foreclosure action because it failed to establish that it was the holder or assignee of the original consolidated note secured by the consolidated mortgage. We reject that contention. "Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 684 [2d Dept 2016] [internal quotation marks omitted]; see HSBC Bank USA, N.A. v Spitzer, 131 AD3d 1206, 1206-1207 [2d Dept 2015]). Where, as here, "the plaintiff's standing has been placed in issue by reason of the defendant[s'] answer, the plaintiff additionally must prove its standing as part of its prima facie showing" (HSBC Bank USA, N.A. v Baptiste, 128 AD3d 773, 774 [2d Dept 2015]). "In an action to foreclose a mortgage, the plaintiff has standing where, at the time the action is commenced, it is the holder or assignee of both the subject mortgage and the underlying note" (NNPL Trust Series 2012-1 v Lunn, 149 AD3d 1552, 1553 [4th Dept 2017] [internal quotation marks omitted]). "[P]hysical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (id. at 1553-1554 [internal quotation marks omitted]; see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 360-361 [2015]). Where "the note is endorsed in blank, the plaintiff may establish standing by demonstrating that it had physical possession of the original note at the time the action was commenced . . . The plaintiff may do so through an affidavit of an individual swearing to such possession following a review of admissible business records" (Bank of N.Y. Mellon v Anderson, 151 AD3d 1926, 1927 [4th Dept 2017]; see DLJ [*2]Mtge. Capital, Inc. v Huzair, 158 AD3d 1143, 1144 [4th Dept 2018]). Here, plaintiff established standing in its moving papers by demonstrating, inter alia, that it possessed the consolidated note at the time it commenced the action (see DLJ Mtge. Capital, Inc., 158 AD3d at 1144; NNPL Trust Series 2012-1, 149 AD3d at 1554; JPMorgan Chase Bank, N.A. v Kobee, 140 AD3d 1622, 1624 [4th Dept 2016]). The presence of a second, unendorsed copy of the consolidated note attached as an exhibit to the consolidation, extension, and modification agreement did not create a triable issue of fact warranting denial of the motion (see HSBC Bank USA, N.A. v Chabot, 191 AD3d 648, 650 [2d Dept 2021]).
We have reviewed defendants' remaining contentions and conclude that none warrants modification or reversal of the order and judgment.
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court