Sanfilippo v Bohme (2023 NY Slip Op 03584)

Sanfilippo v Bohme

2023 NY Slip Op 03584

Decided on June 30, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, MONTOUR, OGDEN, AND GREENWOOD, JJ.

208 CA 22-00230

[*1]MICHAEL SANFILIPPO, PLAINTIFF-RESPONDENT,
v
DAVID J. BOHME, MICHAEL CANNAN, ALSO KNOWN AS MICHAEL CANNON, RICHARD M. BOHME, DEFENDANTS-APPELLANTS, ET AL., DEFENDANTS. 

DAVIDSON FINK LLP, ROCHESTER (RICHARD N. FRANCO OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
THE LAW OFFICE OF WALTER R. CAPELL, ROCHESTER (WALTER R. CAPELL OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

 Appeal from an order of the Supreme Court, Monroe County (Victoria M. Argento, J.), entered February 7, 2022. The order, insofar as appealed from, denied defendants' cross-motion for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the cross-motion is granted, and the complaint is dismissed against defendants-appellants.
Memorandum: In 2004, defendant David J. Bohme executed a note and mortgage in favor of nonparty Sunshine State Produce, Inc. (Sunshine Produce). In 2010, Sunshine Produce filed articles of dissolution. In 2019, Sunshine Produce commenced a foreclosure action against the current owners of the mortgaged property, alleging a default on the note. That action was dismissed on the ground that, inter alia, Sunshine Produce lacked standing because the action was not commenced during the corporation's winding up (see Business Corporation Law § 1005 [a] [1]).
Plaintiff thereafter commenced the instant foreclosure action against the same defendants upon the same note and mortgage. In this action, plaintiff submitted an allonge, which was allegedly attached to the original note and mortgage. The allonge did not identify an assignee, but was indorsed by Sunshine Produce. As relevant on appeal, defendants-appellants (defendants) cross-moved for, inter alia, summary judgment dismissing the complaint on the ground that plaintiff lacked standing. Defendants appeal from an order that, insofar as appealed from, denied the cross-motion. We reverse the order insofar as appealed from.
Where, as here, an indorsement "specifies no particular indorsee," the instrument "becomes payable to bearer and may be negotiated by delivery alone until specifically indorsed" (UCC 3-204 [2]). "Negotiation is the transfer of an instrument in such form that the transferee becomes a holder" and, if the instrument is payable to bearer, "it is negotiated by delivery" (UCC 3-202 [1]). "Delivery" of an instrument requires the "voluntary transfer of possession" (UCC 1-201 [15]). Consistent with those provisions, "[a] plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that it is both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note, either by physical delivery or execution of a written assignment prior to the commencement of the action" (Citimortgage, Inc. v Stosel, 89 AD3d 887, 888 [2d Dept 2011]; see U.S. Bank Trust, N.A. v Pieri, 197 AD3d 930, 931 [4th Dept 2021]; Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 685 [2d Dept 2016]). Here, it is undisputed that Sunshine Produce did not execute a written assignment, and [*2]plaintiff instead relies, for the purposes of standing, upon the alleged physical delivery to him of the note and mortgage with the blank allonge (see Citimortgage, 89 AD3d at 888).
We agree with defendants, however, that they established that Sunshine Produce never validly delivered the note and mortgage to plaintiff. Upon dissolution, a "corporation shall carry on no business except for the purpose of winding up its affairs" (Business Corporation Law § 1005 [a] [1]). Among other things, this winding up period allows the corporation to dispose of its assets (see § 1005 [a] [2], [3]), which may include the assignment of mortgages (see Cenlar FSB v Glauber, 188 AD3d 1141, 1143 [2d Dept 2020]). Here, defendants met their initial burden on their summary judgment motion by submitting plaintiff's own affidavit in this action, which established that Sunshine Produce never transferred, assigned, or delivered the note and mortgage during its winding up period. Specifically, plaintiff swore in the affidavit that the note had been in his possession "since October 21, 2020," and that it had purportedly been provided to him "during [Sunshine Produce's] foreclosure [action, commenced in 2019] for the purpose of concluding that action as [a] party plaintiff." Thus, plaintiff's own affidavit established that Sunshine Produce did not attempt to deliver the note and mortgage to plaintiff until a decade after it filed articles of dissolution, which themselves represented that all corporate assets had already been distributed after winding up, and plaintiff's affidavit further established that the purported delivery was not for the purpose of winding up, but rather part of Sunshine Produce's own foreclosure action, which was dismissed for being commenced well beyond the winding up period. Because the alleged transfer occurred beyond Sunshine Produce's winding up, it was invalid pursuant to Business Corporation Law § 1005 (a) (1), and failed to confer standing on plaintiff to commence the instant action (cf. Cenlar, 188 AD3d at
1143). Plaintiff failed to raise a triable issue of fact in opposition (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
Entered: June 30, 2023
Ann Dillon Flynn
Clerk of the Court