Avail 1, LLC v Singh (2025 NY Slip Op 03788)

Avail 1, LLC v Singh

2025 NY Slip Op 03788

Decided on June 25, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
VALERIE BRATHWAITE NELSON
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2023-06789
 (Index No. 714848/18)

[*1]Avail 1, LLC, respondent, 
v
Lakhvir Singh, appellant, et al., defendants.

Carl E. Person, New York, NY, for appellant.
Margolin, Weinreb & Nierer, LLP, Syosset, NY (Seth D. Weinberg of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Lakhvir Singh appeals from an order of the Supreme Court, Queens County (Pam Jackman Brown, J.), entered April 6, 2023. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Lakhvir Singh, to strike that defendant's answer, and for an order of reference.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to foreclose a mortgage on certain residential property located in Queens. The defendant Lakhvir Singh (hereinafter the defendant) interposed an answer asserting various affirmative defenses, including lack of standing. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference. The defendant opposed the motion, arguing that the plaintiff failed to establish its standing to commence the action. In an order entered April 6, 2023, the Supreme Court, among other things, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference. The defendant appeals.
Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default (see Deutsche Bank Natl. Trust Co. v Abdan, 131 AD3d 1001, 1002; HSBC Bank, USA v Hagerman, 130 AD3d 683, 683-684; Plaza Equities, LLC v Lamberti, 118 AD3d 688, 689). However, "[w]here, as here, a plaintiff's standing to commence a foreclosure action is placed in issue by the defendant, it is incumbent upon the plaintiff to prove its standing to be entitled to relief" (Wells Fargo Bank, N.A. v Arias, 121 AD3d 973, 973-974 [internal quotation marks omitted]; see Security Lending, Ltd. v New Realty Corp., 142 AD3d 986, 987; Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 684; Deutsche Bank Natl. Trust Co. v Cunningham, 142 AD3d 634, 635).
"A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note" (Dyer Trust 2012-1 v Global World Realty, Inc., 140 AD3d 827, 828; see Aurora Loan Servs., LLC [*2]v Taylor, 25 NY3d 355, 361-362; Flagstar Bank, FSB v Mendoza, 139 AD3d 898, 899). "The plaintiff meets this burden with proof of either a written assignment of the underlying note or the physical delivery of the note endorsed in blank or specially to it prior to the commencement of the foreclosure action" (Wilmington Sav. Fund Socy., FSB v Racer, 217 AD3d 730, 732; see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361-362; Cenlar FSB v Glauber, 188 AD3d 1141, 1143).
Here, contrary to the defendant's contention, the plaintiff established, prima facie, its standing to commence the action by demonstrating that it was in physical possession of the note, endorsed in blank, at the time the action was commenced (see Bank of N.Y. Mellon v Swift, 213 AD3d 624, 625; Federal Natl. Mtge. Assn. v Raja, 211 AD3d 692, 694) and also by submitting a written assignment of the note, which was assigned to the plaintiff prior to the commencement of the action (see Cenlar FSB v Glauber, 188 AD3d at 1143). In opposition, the defendant failed to raise a triable issue of fact.
GENOVESI, J.P., BRATHWAITE NELSON, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court