Deutsche Bank Natl. Trust Co. v Mercure

2026 NY Slip Op 02583

April 24, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR AMERIQUEST MORTGAGE SECURITIES, INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-R1, PLAINTIFF-APPELLANT,

v

MICHAEL J. MERCURE, ALSO KNOWN AS MICHAEL JEREMY MERCURE, DEFENDANT-RESPONDENT, ET AL., DEFENDANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department

Decided on April 24, 2026

1004 CA 25-00829

Present: Bannister, J.P., Montour, Smith, Greenwood, And Hannah, JJ.

MCGLINCHEY STAFFORD PLLC, NEW YORK CITY (MATTHEW J. GORDON OF COUNSEL), FOR PLAINTIFF-APPELLANT.

SANDRA POLAND DEMARS, ALBANY, FOR DEFENDANT-RESPONDENT.

Appeal from an order of the Supreme Court, Washington County (Robert J. Muller, J.), entered February 14, 2024, in a foreclosure action. The order denied the motion of plaintiff for summary judgment.

[*1]

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted, and the matter is remitted to Supreme Court, Washington County, for further proceedings in accordance with the following memorandum: In 2005, defendants executed a note and mortgage in favor of nonparty Ameriquest Mortgage Company (Ameriquest). In 2006, Ameriquest, nonparty Ameriquest Mortgage Securities, Inc. (Ameriquest Securities), and Deutsche Bank National Trust Company (Deutsche Bank) entered into a pooling and servicing agreement (PSA), which created a trust, appointed Deutsche Bank as trustee for Ameriquest Securities, asset-backed pass-through certificates, series 2006-R1 (plaintiff), and provided that the note and mortgage would be assigned to plaintiff. In 2007, Ameriquest appointed nonparty Citi Residential Lending Inc. (Citi Residential), the prior loan servicer, as its attorney-in-fact pursuant to a limited power of attorney. Pursuant to the limited power of attorney, Ameriquest granted Citi Residential authority to substitute plaintiff as the mortgagee in accordance with the PSA. In 2009, Citi Residential executed the assignment of the note and mortgage to plaintiff.

Defendants later defaulted, and plaintiff commenced this action seeking to foreclose on the mortgage. Defendants served an answer that, inter alia, asserted an affirmative defense based upon plaintiff's purported lack of standing. Plaintiff moved for, inter alia, summary judgment on the complaint and the appointment of a referee, and Supreme Court denied the motion, concluding that plaintiff failed to meet its initial burden on the issue of standing. Plaintiff appeals, and we reverse.

"Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 684 [2d Dept 2016] [internal quotation marks omitted]; see Bank of N.Y. Mellon v Anderson, 151 AD3d 1926, 1927 [4th Dept 2017]; HSBC Bank USA, N.A. v Spitzer, 131 AD3d 1206, 1206-1207 [2d Dept 2015]). Where, as here, "the plaintiff's standing has been placed in issue by reason of the defendant's answer, the plaintiff additionally must prove its standing as part of its prima facie showing" (HSBC Bank USA, N.A. v Baptiste, 128 AD3d 773, 774 [2d Dept 2015]; see Bank of N.Y. Mellon, 151 AD3d at 1927).

We agree with plaintiff that the court erred in determining that it failed to meet its burden on the motion of establishing standing to foreclose on the mortgage. " 'In an action to foreclose a mortgage, the plaintiff has standing where, at the time the action is commenced, it is the holder or assignee of both the subject mortgage and the underlying note' " (JPMorgan Chase Bank, N.A. v Kobee, 140 AD3d 1622, 1623-1624 [4th Dept 2016]; see NNPL Trust Series 2012-1 v Lunn, 149 AD3d 1552, 1553 [4th Dept 2017]), " 'either by physical delivery or execution of a written assignment prior to the commencement of the action' " (Sanfilippo v Bohme, 217 AD3d 1498, 1499 [4th Dept 2023]). Here, by submitting on its motion the 2009 assignment of the note and mortgage to plaintiff, plaintiff established that it had standing to foreclose on the mortgage (see Wells Fargo Bank, N.A. v Newhouse, 218 AD3d 1117, 1120 [4th Dept 2023], lv dismissed 41 NY3d 977 [2024]; U.S. Bank N.A. v Liebel, 154 AD3d 1302, 1302-1303 [4th Dept 2017]). In opposition, defendants failed to raise an issue of fact with respect to plaintiff's standing (see U.S. Bank N.A., 154 AD3d at 1303; see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). We therefore reverse the order, grant the motion, and remit the matter to Supreme Court for the appointment of a referee to compute the amount owed by defendants to plaintiff.

Entered: April 24, 2026

Ann Dillon Flynn

Clerk of the Court