■ PLAZA EQUITIES, LLC, et al., Respondents, v MARY M. LAMBERTI, Appellant, et al., Defendants. [986 NYS2d 843]—

In an action to foreclose a mortgage, the defendant Mary M. Lamberti appeals from an order of the Supreme Court, Nassau County (Adams, J.), entered January 9, 2013, which, inter alia, granted that branch of the motion of PE-NC, LLC, successor by assignment to Plaza Equities, LLC, which was for summary judgment on the complaint insofar as asserted against her and denied her cross motion, inter alia, to dismiss the complaint pursuant to CPLR 3211 (a).

Ordered that the order is affirmed, with one bill of costs.

In this action to foreclose on a mortgage, the original plaintiff, Greenpoint Mortgage Corp., was the holder of a note and a mortgage when it commenced this action. Thereafter, the mortgage and the note were assigned several times, and subsequently were assigned to the plaintiff Plaza Equities, LLC (hereinafter Plaza) (*see Greenpoint Mtge. Corp. v Lamberti*, 94 AD3d 815 [2012]). PE-NC, LLC (hereinafter PE-NC), as successor by assignment to Plaza, moved for summary judgment on the complaint.

Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default (*see MLCFC 2007-9 Mixed Astoria, LLC v 36-02 35th Ave. Dev., LLC*, 116 AD3d 745 [2014]; *U.S. Bank N.A. v Denaro*, 98 AD3d 964, 965 [2012]). When, however, the defendant has placed standing in issue, the plaintiff must establish proper standing as part of its prima facie case (*see MLCFC 2007-9 Mixed Astoria, LLC v 36-02 35th Ave. Dev., LLC*, 116 AD3d at 745; *cf. Bank of N.Y. v Silverberg*, 86 AD3d 274, 279 [2011]). Here, PE-NC, as successor by assignment to Plaza, established, prima facie, Plaza's entitlement to judgment as a matter of law by demonstrating, in addition to all other requirements, that Greenpoint Mortgage Corp., the original plaintiff, had proper standing when the action was commenced (*see W & H Equities LLC v Odums*, 113 AD3d 840 [2014]).

Lamberti's remaining contentions are without merit. Skelos, J.P., Balkin, Hall and Maltese, JJ., concur.