■ HSBC Bank, USA, as Trustee for WELLS FARGO ASSET SECURITIES CORPORATION, MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2007-8, Respondent, v ROBERT HAGERMAN et al., Defendants, and ANNMARIE HAGERMAN, Also Known as ANMARIE HAGERMAN, Appellant. [11 NYS3d 865]—In an action to foreclose a mortgage, the defendant Annmarie Hagerman appeals, as limited by her brief, from so much of an order of the Supreme Court, Richmond County (Maltese, J.), dated November 12, 2013, as granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against her.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff established its prima facie entitlement to judgment as a matter of law on the complaint insofar as asserted against the defendant Annmarie Hagerman (hereinafter the

appellant) by producing the mortgage, the note, and evidence of default (*see Deutsche Bank Natl. Trust Co. v Islar*, 122 AD3d 566, 567 [2014]). Although the appellant placed the plaintiff's standing to commence the action in issue, the evidence the plaintiff submitted established that it had standing as both the holder and the assignee of the subject note and mortgage at the time the action was commenced (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 361 [2015]; *HSBC Bank USA, N.A. v Baptiste*, 128 AD3d 773 [2015]; *cf. Wells Fargo Bank, NA v Burke*, 125 AD3d 765, 766 [2015]). In opposition, the appellant's bald assertion of forgery was not sufficient to raise a triable issue of fact (*see Banco Popular N. Am. v Victory Taxi Mgt.*, 1 NY3d 381, 384 [2004]; *Beitner v Becker*, 34 AD3d 406, 408 [2006]).

Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the appellant. Mastro, J.P., Chambers, Roman and LaSalle, JJ., concur.