■ WELLS FARGO BANK, N.A., as Trustee for ABFC 2006-OPT2 TRUST, ABFC ASSET BACKED CERTIFICATES, SERIES 2006-OPT2, Respondent, v DAVID CHARLAFF, Also Known as DAVID S. CHARLAFF, Defendant/Third-Party Plaintiff-Appellant, and CYNTHIA KOURIL, Appellant, et al., Defendants. MOSS CODILIS, LLP, Third-Party Defendant, and AHMSI, INC., Third-Party Defendant-Respondent. [24 NYS3d 317]—

In an action to foreclose a mortgage, David Charlaff, also known as David S. Charlaff, and Cynthia Kouril appeal from an order of the Supreme Court, Nassau County (Adams, J.), entered December 2, 2013, which granted the renewed motion of the plaintiff and the third-party defendant AHMSI, Inc., for summary judgment on the complaint and dismissing the third-party complaint insofar as asserted against AHMSI, Inc., and denied their cross motion to compel additional disclosure.

Ordered that the order is affirmed, with costs.

"Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (*Deutsche Bank Natl. Trust Co. v Abdan*, 131 AD3d 1001, 1002 [2015] [internal quotation marks omitted]; *see HSBC Bank, USA v Hagerman*, 130 AD3d 683, 683-684 [2015]; *Plaza Equities, LLC v Lamberti*, 118 AD3d 688, 689 [2014]). However, where a plaintiff's standing to commence a foreclosure action is placed in issue by the defendant, "it is incumbent upon the plaintiff to prove its standing to be entitled to relief" (*Wells Fargo Bank, N.A. v Arias*, 121 AD3d 973, 973-974 [2014] [internal quotation marks omitted]; *see Deutsche Bank Natl. Trust Co. v Abdan*, 131 AD3d at 1002; *Plaza Equities, LLC v Lamberti*, 118 AD3d at 689).

In a mortgage foreclosure action, a plaintiff has standing where it is the holder or assignee of the underlying note at the time the action is commenced (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 361 [2015]; *U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 753-754 [2009]). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt

as an inseparable incident" (*U.S. Bank, N.A. v Collymore*, 68 AD3d at 754; *see Aurora Loan Servs., LLC v Taylor*, 25 NY3d at 361-362; *Bank of N.Y. v Silverberg*, 86 AD3d 274, 280 [2011]).

Here, the plaintiff and the third-party defendant AHMSI, Inc. (hereinafter together the respondents), established their prima facie entitlement to judgment as a matter of law by producing copies of the unpaid note, the mortgage, and evidence of default (*see e.g. Deutsche Bank Natl. Trust Co. v Abdan*, 131 AD3d at 1002; *HSBC Bank, USA v Hagerman*, 130 AD3d 683, 683-684 [2015]; *Emigrant Bank v Larizza*, 129 AD3d 904, 905 [2015]). Further, by submitting the affidavit of a vice president of the plaintiff, which established that the plaintiff had physical possession of the note when it commenced this action, the respondents also met their prima facie burden of establishing their entitlement to summary judgment dismissing the affirmative defense of lack of standing (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d at 359-360; *Wells Fargo Bank, N.A. v Arias*, 121 AD3d at 974). In opposition, David Charlaff, also known as David S. Charlaff, and Cynthia Kouril (hereinafter together the defendants) failed to raise a triable issue of fact. Because "the mortgage passes as an incident to the note" (*Aurora Loan Servs., LLC v Taylor*, 25 NY3d at 361 [internal quotation marks omitted]), the validity of either purported assignment of the mortgage—that signed by Katherine Burns on August 18, 2006, or that signed by Cheryl Thomas and Tywanna Thomas on November 13, 2009—is irrelevant to the issue of the plaintiff's standing, or to the respondents' entitlement to summary judgment.

The defendants' contention that Charlaff is a third-party beneficiary to the Pooling and Servicing Agreement pursuant to which the subject loan was transferred to the plaintiff, a trust, is without merit (*see Wells Fargo Bank, N.A. v Erobobo*, 127 AD3d 1176, 1178 [2015]; *Bank of N.Y. Mellon v Gales*, 116 AD3d 723, 725 [2014]). The defendants' contention that the respondents' summary judgment motion was barred by the denial of a prior motion for summary judgment is also without merit (*see Allstate Ins. Co. v Liberty Lines Tr., Inc.*, 50 AD3d 712, 713 [2008]). The defendants' remaining contentions are also without merit.

The parties' contentions regarding the creation of a purported life estate are not properly before this Court, as they are based on matter dehors the record. Mastro, J.P., Dickerson, Roman and Maltese, JJ., concur.