■ U.S. Bank National Association, Appellant, v Ezekiel Akande et al., Respondents, et al., Defendants. [26 NYS3d 164]—

In an action to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated July 21, 2014, as, upon renewal, adhered to a prior determination in an order of the same court dated October 13, 2013, denying its motion for summary judgment on the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, upon renewal, the order dated October

13, 2013, is vacated, and thereupon, the plaintiff's motion for summary judgment on the complaint is granted.

On April 5, 2007, the defendant Ezekiel Akande executed a promissory note obligating him to repay GreenPoint Mortgage Funding, Inc. (hereinafter GreenPoint), for a loan in the principal sum of $1,350,000. To secure the note, Akande executed a mortgage encumbering real property he owned at 1783-1785 Bedford Avenue in Brooklyn (hereinafter the property). The property was subsequently transferred by Akande to the defendants 1783 Bedford Avenue, LLC, and 1785 Bedford Avenue, LLC (hereinafter collectively with Akande, the defendants).

On May 7, 2009, Park National Bank (hereinafter PNB) commenced this action to foreclose the mortgage. On April 11, 2012, upon being substituted as the plaintiff by stipulation of the parties, U.S. Bank National Association (hereinafter U.S. Bank) filed a supplemental summons and amended verified complaint alleging that it had become the holder of the note after commencement of this action. U.S. Bank alleged that GreenPoint, the originating lender, had delivered and assigned the note and mortgage to PNB. On October 30, 2009, PNB was closed by the United States Office of the Comptroller of the Currency, and the Federal Deposit Insurance Corporation (hereinafter the FDIC) was appointed receiver of PNB's assets. U.S. Bank alleged that it purchased the subject loan from the FDIC, as receiver for PNB, pursuant to a purchase and assumption agreement.

On or about May 31, 2012, US Bank moved for summary judgment on the complaint. The Supreme Court denied the motion in an order dated October 13, 2013. Thereafter, in an order dated July 21, 2014, the court granted that branch of U.S. Bank's subsequent motion which was for leave to renew its summary judgment motion, but, upon renewal, adhered to its prior determination. We reverse the order dated July 21, 2014, insofar as appealed from, and, upon renewal, grant U.S. Bank's motion for summary judgment on the complaint.

"Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (*Deutsche Bank Natl. Trust Co. v Abdan*, 131 AD3d 1001, 1002 [2015] [internal quotation marks and citation omitted]; *see HSBC Bank, USA v Hagerman*, 130 AD3d 683, 683-684 [2015]; *Plaza Equities, LLC v Lamberti*, 118 AD3d 688, 689 [2014]). However, "[w]here, as here, a plaintiff's standing to commence a foreclosure action is placed in issue by the

defendant, it is incumbent upon the plaintiff to prove its standing to be entitled to relief" (*Wells Fargo Bank, N.A. v Arias*, 121 AD3d 973, 973-974 [2014] [internal quotation marks omitted]; *see Deutsche Bank Natl. Trust Co. v Abdan*, 131 AD3d 1001 [2015]; *Plaza Equities, LLC v Lamberti*, 118 AD3d at 689).

In a mortgage foreclosure action, a plaintiff has standing where it is the holder or assignee of the underlying note at the time the action is commenced (*see U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 753-754 [2009]). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (*id*. at 754; *see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 361-362 [2015]; *Bank of N.Y. v Silverberg*, 86 AD3d 274, 280 [2011]). "Moreover, [n]o special form or language is necessary to effect an assignment as long as the language shows the intention of the owner of a right to transfer it" (*Bank of N.Y. v Silverberg*, 86 AD3d at 280-281 [internal quotation marks omitted]; *see Chase Home Fin., LLC v Miciotta*, 101 AD3d 1307 [2012]). However, "the mere assignment of the mortgage without an effective assignment of the underlying note is a nullity" (*U.S. Bank, N.A. v Collymore*, 68 AD3d at 754). The transfer of the mortgage without the debt is a nullity, and no interest is acquired by it because a mortgage is merely security for a debt or other obligation and cannot exist independently of the debt or obligation (*see HSBC Bank USA, N.A. v Roumiantseva*, 130 AD3d 983, 984 [2015]; *Citibank, N.A. v Herman*, 125 AD3d 587, 588 [2015]; *Deutsche Bank Natl. Trust Co. v Spanos*, 102 AD3d 909, 911 [2013]; *Bank of N.Y. v Silverberg*, 86 AD3d at 280).

"In the event that a note and mortgage are validly assigned to a third party subsequent to the commencement of a foreclosure action, . . . the assignee can continue an action in the name of the original mortgagee, even in the absence of a formal substitution," or it may, "if it chooses, take the steps necessary to effect a formal substitution" (*Brighton BK, LLC v Kurbatsky*, 131 AD3d 1000, 1001 [2015]; *see Mortgage Elec. Registration Sys., Inc. v Holmes*, 131 AD3d 680, 681-682 [2015]).

Here, in support of its motion, U.S. Bank produced the mortgage, the unpaid note, and evidence of default (*see Deutsche Bank Natl. Trust Co. v Abdan*, 131 AD3d at 1001; *HSBC Bank, USA v Hagerman*, 130 AD3d at 683-684; *Plaza Equities, LLC v Lamberti*, 118 AD3d at 689). However, to meet

its prima facie burden of establishing its entitlement to judgment as a matter of law, U.S. Bank also had to establish PNB's standing to commence this foreclosure action. Contrary to the Supreme Court's conclusion, the "Assignment of Mortgage" executed on April 16, 2007, pursuant to which GreenPoint did "grant, sell, assign, transfer and convey" to PNB "[a]ll beneficial interest under [the mortgage] . . . together with the note(s) and obligations therein described," was sufficient to demonstrate PNB's status as an assignee of the note as of the date the action was commenced (see *Emigrant Bank v Larizza*, 129 AD3d 904, 905 [2015]). Accordingly, since "[e]*ither* a written assignment of the underlying note *or* the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation" (*U.S. Bank, N.A. v Collymore*, 68 AD3d at 754 [emphasis added]), and "[i]n a mortgage foreclosure action, a plaintiff has standing where it is . . . the holder *or* assignee of the underlying note at the time the action is commenced" (*Bank of N.Y. v Silverberg*, 86 AD3d at 279 [emphasis added]), the question of whether an undated stamped endorsement on the back of the note was sufficient to establish PNB's physical possession of the note is irrelevant.

Furthermore, the evidence submitted by U.S. Bank demonstrated that the subject note was delivered to it and was in its possession subsequent to the commencement of the action, thereby entitling it to maintain this validly commenced foreclosure action (see CPLR 1018; *GRP Loan, LLC v Taylor*, 95 AD3d 1172, 1174 [2012]; *Citibank, N.A. v Van Brunt Props., LLC*, 95 AD3d 1158, 1160 [2012]).

In opposition, the defendants failed to raise a triable issue of fact.

Accordingly, upon renewal, the Supreme Court should have granted U.S. Bank's motion for summary judgment on the complaint. Eng, P.J., Mastro, Cohen and Miller, JJ., concur.