■ ARCH BAY HOLDINGS, LLC, Respondent, v MATTHEW S. ALBANESE et al., Appellants, et al., Defendants. [45 NYS3d 506]—

In an action to foreclose a mortgage, the defendants Matthew S. Albanese and Rachael Pollack appeal, as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Kelly, J.), dated September 11, 2014, as granted those branches of the plaintiff's motion which were, in effect, to vacate an order of the same court dated July 17, 2012, sua sponte directing the dismissal of the action for want of prosecution, to restore the action to the calendar, for summary judgment on the complaint insofar as asserted against them, to strike their answer, and to appoint a referee to compute the amount due to the plaintiff.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Matthew S. Albanese and Rachael Pollack, to strike their answer, and to appoint a referee to compute the amount due to the plaintiff, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

On July 18, 2007, the defendant Rachael Pollack executed a promissory note obligating her to repay Accredited Home Lenders, Inc. (hereinafter Accredited), for a loan in the principal sum of $462,000. To secure the note, Pollack and the defendant Matthew S. Albanese (hereinafter together the defendants) executed a mortgage in favor of Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), acting solely as nominee for Accredited, encumbering real property located at 29 Terrace Drive, Nyack. Thereafter, on January 12, 2009, MERS assigned the mortgage "TOGETHER with the bond or note or obligation described in said mortgage" to Wachovia Bank, NA (hereinafter Wachovia).

On March 12, 2009, Wachovia commenced this action to foreclose the mortgage. The defendants jointly answered and asserted, inter alia, the affirmative defense of lack of standing. In an order dated July 17, 2012, the Supreme Court sua sponte directed the dismissal of the action for want of prosecution. On or about November 26, 2012, Wachovia moved, inter alia, to restore the action to the calendar, for summary judgment on the complaint insofar as asserted against the defendants, and to amend the caption to substitute Arch Bay Holdings, LLC-Series 2009B (hereinafter Arch Bay), as the plaintiff. By

stipulation dated January 30, 2013, the parties agreed to adjourn the return date of Wachovia's motion to February 22, 2013. However, the Supreme Court, apparently unaware of the agreed-upon adjournment, granted Wachovia's unopposed motion in an order of reference dated January 30, 2013.

Thereafter, Arch Bay moved, inter alia, to vacate the order of reference dated January 30, 2013, on the ground that the defendants had not had an opportunity to respond to the prior motion, in effect, to vacate the order dated July 17, 2012, and to restore the action to the calendar. In addition, Arch Bay moved for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and to appoint a referee to compute the amount due. The Supreme Court granted Arch Bay's motion, and the defendants appeal.

Contrary to the defendants' contention, the Supreme Court providently exercised its discretion in granting those branches of Arch Bay's motion which were, in effect, to vacate the order dated July 17, 2012, sua sponte directing the dismissal of the action for want of prosecution, and to restore the action to the calendar (*see* CPLR 3216; *Baczkowski v Collins Constr. Co.*, 89 NY2d 499, 503 [1997]; *Bell v United Parcel Serv., Inc.*, 140 AD3d 1106, 1106-1107 [2016]; *Davis v Goodsell*, 6 AD3d 382, 383 [2004]; *see also Lubov v Welikson*, 36 AD3d 673, 674 [2007]).

However, the Supreme Court erred in granting those branches of Arch Bay's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and to appoint a referee to compute the amount due.

"Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (*Deutsche Bank Natl. Trust Co. v Abdan*, 131 AD3d 1001, 1002 [2015] [internal quotation marks omitted]; *see HSBC Bank, USA v Hagerman*, 130 AD3d 683, 683-684 [2015]; *Plaza Equities, LLC v Lamberti*, 118 AD3d 688, 689 [2014]). However, where, as here, a plaintiff's standing to commence a foreclosure action is placed in issue by the defendants, it is incumbent upon the plaintiff to prove its standing to be entitled to relief (*see Deutsche Bank Natl. Trust Co. v Abdan*, 131 AD3d at 1002; *Wells Fargo Bank, N.A. v Arias*, 121 AD3d 973, 973-974 [2014]; *Plaza Equities, LLC v Lamberti*, 118 AD3d at 689).

In a mortgage foreclosure action, a plaintiff has standing where it is the holder or assignee of the underlying note at the

time the action is commenced (*see U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 753-754 [2009]). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (*id.* at 754; *see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 361-362 [2015]; *Bank of N.Y. v Silverberg*, 86 AD3d 274, 280 [2011]). "Moreover, [n]o special form or language is necessary to effect an assignment as long as the language shows the intention of the owner of a right to transfer it" (*Bank of N.Y. v Silverberg*, 86 AD3d at 280-281 [internal quotation marks omitted]; *see Chase Home Fin., LLC v Miciotta*, 101 AD3d 1307 [2012]). However, "the mere assignment of the mortgage without an effective assignment of the underlying note is a nullity" (*U.S. Bank, N.A. v Collymore*, 68 AD3d at 754), and no interest is acquired by it because a mortgage is merely security for a debt or other obligation and cannot exist independently of the debt or obligation (*see HSBC Bank USA, N.A. v Roumiantseva*, 130 AD3d 983, 984 [2015]; *Citibank, N.A. v Herman*, 125 AD3d 587, 588 [2015]; *Deutsche Bank Natl. Trust Co. v Spanos*, 102 AD3d 909, 911 [2013]; *Bank of N.Y. v Silverberg*, 86 AD3d at 280).

"In the event that a note and mortgage are validly assigned to a third party subsequent to the commencement of a foreclosure action, . . . the assignee can continue an action in the name of the original mortgagee, even in the absence of a formal substitution," or it may, "if it chooses, take the steps necessary to effect a formal substitution" (*Brighton BK, LLC v Kurbatsky*, 131 AD3d 1000, 1001 [2015]; *see Mortgage Elec. Registration Sys., Inc. v Holmes*, 131 AD3d 680, 681-682 [2015]).

Here, in support of its motion, Arch Bay produced the mortgage, the unpaid note, and evidence of default (*see Deutsche Bank Natl. Trust Co. v Abdan*, 131 AD3d at 1002; *HSBC Bank, USA v Hagerman*, 130 AD3d at 683-684; *Plaza Equities, LLC v Lamberti*, 118 AD3d at 689). However, Arch Bay failed to establish that Wachovia had standing as the holder or assignee of the note at the time it commenced the action (*cf. U.S. Bank N.A. v Akande*, 136 AD3d 887, 890 [2016]). In support of its motion, Arch Bay submitted the affidavit of Selena Mitcherson, an assistant vice president of Rushmore Loan Management Services (hereinafter Rushmore), the loan servicer for Arch Bay's assignee. Mitcherson averred, based upon her review of Rushmore's business records, that "[t]he note . . . was in Plaintiff's physical possession of the note [sic]

when the action was commenced." Under these circumstances, Arch Bay failed to demonstrate the admissibility of the records relied upon by Mitcherson under the business records exception to the hearsay rule (*see* CPLR 4518 [a]), since Mitcherson did not attest that she was personally familiar with the record-keeping practices and procedures of Wachovia (*see Aurora Loan Servs., LLC v Baritz*, 144 AD3d 618, 619-620 [2016]; *Deutsche Bank Natl. Trust Co. v Brewton*, 142 AD3d 683, 685 [2016]; *U.S. Bank N.A. v Handler*, 140 AD3d 948, 949 [2016]; *Aurora Loan Servs., LLC v Mercius*, 138 AD3d 650, 652 [2016]).

Arch Bay also failed to establish standing based upon an assignment of the note and mortgage from MERS to Wachovia prior to commencement of the action, as Arch Bay failed to establish delivery or assignment of the note to MERS prior to its execution of the assignment to Wachovia (*see Aurora Loan Servs., LLC v Mercius*, 138 AD3d at 652; *HSBC Bank USA, N.A. v Roumiantseva*, 130 AD3d at 984). Since Arch Bay failed to meet its prima facie burden, the Supreme Court should have denied those branches of its motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and to appoint a referee to compute the amount due, without regard to the sufficiency of the defendants' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Leventhal, J.P., Cohen, Miller and Connolly, JJ., concur.