U.S. Bank N.A. v Henderson (2018 NY Slip Op 05071)





U.S. Bank N.A. v Henderson


2018 NY Slip Op 05071


Decided on July 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2015-08786
 (Index No. 8107/11)

[*1]U.S. Bank National Association, etc., respondent,
v
Nzinga E. Foluke Henderson, appellant, et al., defendants.


Cardenas Islam & Associates, PLLC, Jamaica, NY (Barak P. Cardenas of counsel), for appellant.
Leopold & Associates, PLLC (Greenberg Traurig, LLP, New York, NY [Daniel R. Milstein and Marissa Banez], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Nzinga E. Foluke Henderson appeals from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered June 29, 2015. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike her answer, and to appoint a referee to compute the amount due and owing, and denied her cross motion pursuant to CPLR 3212(f), in effect, for further discovery.
ORDERED that the order is modified, on the law, by deleting the provisions thereof granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Nzinga E. Foluke Henderson, to strike her answer, and to appoint a referee to compute the amount due and owing, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant Nzinga E. Foluke Henderson.
In August 2005, the defendant Nzinga E. Foluke Henderson (hereinafter the defendant) executed a promissory note in the sum of $382,500 in favor of Fremont Investment & Loan which was secured by a mortgage encumbering residential property in St. Albans. On or about April 1, 2011, the plaintiff, the alleged holder of the note, commenced this action to foreclose the mortgage, claiming that the defendant defaulted under the terms of the note by failing to make the payment due on April 1, 2010, and all payments due thereafter. The defendant served an answer asserting, inter alia, the affirmative defenses of lack of standing and failure to comply with RPAPL 1304. In January 2015, the plaintiff moved, inter alia, for summary judgment on the complaint, to strike the defendant's answer, and to appoint a referee to compute the amount due and owing. The defendant opposed the plaintiff's motion and cross-moved pursuant to CPLR 3212(f), in effect, for further discovery. The Supreme Court granted the plaintiff's motion and denied the defendant's cross motion. The defendant appeals.
To establish prima facie entitlement to judgment as a matter of law in an action to foreclose a mortgage, a plaintiff must produce the mortgage, the unpaid note, and evidence of default [*2](see Deutsche Bank Natl. Trust Co. v Abdan, 131 AD3d 1001; HSBC Bank, USA v Hagerman, 130 AD3d 683, 683-684; Plaza Equities, LLC v Lamberti, 118 AD3d 688, 689).
Furthermore, in a residential foreclosure action, a plaintiff moving for summary judgment must tender "sufficient evidence demonstrating the absence of material issues as to its strict compliance with RPAPL 1304" (Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106). RPAPL 1304(1), which applies to home loans, provides that "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." The statute sets forth the requirements for the content of such notice (see id.), and provides that such notice must be sent by registered or certified mail and by first-class mail to the last known address of the borrower and to the subject residence (see RPAPL 1304[2]). "[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (Aurora Loan Servs., LLC v Weisblum, 85 AD3d at 106; see Citibank, N.A. v Wood, 150 AD3d 813, 814; Flagstar Bank, FSB v Damaro, 145 AD3d 858, 860).
Here, the plaintiff failed to establish, prima facie, that it complied with the requirements of RPAPL 1304 (see M & T Bank v Joseph, 152 AD3d 579; CitiMortgage, Inc. v Pappas, 147 AD3d 900; Bank of N.Y. Mellon v Aquino, 131 AD3d 1186, 1186; Deutsche Bank Natl. Trust Co. v Spanos, 102 AD3d 909, 910). In moving for summary judgment, the plaintiff submitted the affidavit of Timeka J. Motlow, a representative of its loan servicer, who stated that "[t]he records I have reviewed indicate that the attached 90-day pre-foreclosure notice was mailed to [the defendant] at the property address of the real estate at issue herein and to the last know address of the borrower(s)." However, Motlow did not have personal knowledge of the purported mailing and failed to make the requisite showing that she was familiar with the plaintiff's mailing practices and procedures, and therefore did not establish "proof of a standard office practice and procedure designed to ensure that items are properly addressed and mailed" (Wells Fargo Bank, N.A. v Trupia, 150 AD3d 1049, 1050-1051; see Wells Fargo Bank, N.A. v Lewczuk, 153 AD3d 890; Citibank, N.A. v Wood, 150 AD3d 813; CitiMortgage, Inc. v Pappas, 147 AD3d at 901).
Moreover, the plaintiff failed to establish, prima facie, that it had standing to commence the action (see Arch Bay Holdings, LLC v Albanese, 146 AD3d 849). Because the plaintiff failed to establish, prima facie, its entitlement to judgment as a matter of law on the issue
of standing, we need not consider the sufficiency of the defendant's opposition papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
The defendant's remaining contentions are without merit.
AUSTIN, J.P., ROMAN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court