Bank of N.Y. Mellon v Aiello (2018 NY Slip Op 05741)





Bank of N.Y. Mellon v Aiello


2018 NY Slip Op 05741


Decided on August 15, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2016-01000
 (Index No. 506804/13)

[*1]Bank of New York Mellon, etc., appellant, 
v
Virginia M. Aiello, etc., respondent, et al., defendants.


Davidson Fink, LLP, Rochester, NY (Larry T. Powell of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (David B. Vaughan, J.), dated October 27, 2015. The order denied the plaintiff's motion for summary judgment on the complaint, for an order of reference, and to amend the caption by substituting Dominick Aiello as a party defendant in place of the defendants sued as "John Doe" and "Mary Doe."
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the complaint, for an order of reference, and to amend the caption by substituting Dominick Aiello as a party defendant in place of the defendants sued as "John Doe" and "Mary Doe" is granted.
The plaintiff commenced this mortgage foreclosure action against, among others, Virginia M. Aiello (hereinafter the defendant). The defendant interposed an answer asserting various affirmative defenses, including lack of standing. Thereafter, the plaintiff moved for summary judgment on the complaint, for an order of reference, and to amend the caption by substituting Dominick Aiello as a party defendant in place of the defendants sued as "John Doe" and "Mary Doe." The defendant opposed the motion, arguing, in conclusory fashion, that the plaintiff failed to eliminate triable issues of fact. The Supreme Court denied the motion on the ground that the plaintiff failed to demonstrate compliance with RPAPL 1304.
"Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (Deutsche Bank Natl. Trust Co. v Abdan, 131 AD3d 1001, 1002 [internal quotation marks omitted]; see HSBC Bank, USA v Hagerman, 130 AD3d 683, 683-684; Plaza Equities, LLC v Lamberti, 118 AD3d 688, 689). Additionally, where, as here, a plaintiff's standing to commence a foreclosure action is placed in issue by the defendants, it is incumbent upon the plaintiff to prove its standing to be entitled to relief (see Deutsche Bank Natl. Trust Co. v Abdan, 131 AD3d at 1002; Wells Fargo Bank, N.A. v Arias, 121 AD3d 973, 973-974; Plaza Equities, LLC v Lamberti, 118 AD3d at 689).
Here, in support of its motion, the plaintiff produced the mortgage, the unpaid note, and evidence of default (see Arch Bay Holdings LLC v Albanese, 146 AD3d 849; Deutsche Bank [*2]Natl. Trust Co. v Abdan, 131 AD3d at 1002; HSBC Bank, USA v Hagerman, 130 AD3d at 683-684; Plaza Equities, LLC v Lamberti, 118 AD3d at 689). The plaintiff also established, prima facie, that it had standing to prosecute this action by virtue of its possession of the note at the time the action was commenced (see generally Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362), and that it had complied with the notice requirements of RPAPL 1304 (see Citimortgage, Inc. v Espinal, 134 AD3d 876, 879; cf. Cenlar, FSB v Censor, 139 AD3d 781, 783). Furthermore, the plaintiff demonstrated that the caption should be amended (see CPLR 1024; Deutsche Bank Natl. Trust Co. v Islar, 122 AD3d 566, 568).
The defendant's submission of an attorney's affirmation containing only general denials was insufficient to raise a triable issue of fact in opposition to the plaintiff's prima facie showing (cf. Cenlar, FSB v Censor, 139 AD3d at 783). Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the complaint, an order of reference, and to amend the caption.
DILLON, J.P., LEVENTHAL, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court