CitiMortgage, Inc. v Barber (2019 NY Slip Op 01559)





CitiMortgage, Inc. v Barber


2019 NY Slip Op 01559


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-10395
 (Index No. 21382/13)

[*1]CitiMortgage, Inc., respondent, 
v
Eva L. Barber, etc., et al., appellants, et al., defendants.


Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Christopher Villanti of counsel), for appellant Eva L. Barber.
Akerman LLP, New York, NY (Jordan M. Smith and Richard J. Galati, Jr., of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Eva L. Barber and Abraham Barber appeal from an order of the Supreme Court, Kings County (Noach Dear, J.), dated July 25, 2016. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Eva L. Barber, to strike that defendant's answer, and for an order of reference, and denied that branch of the cross motion of the defendants Eva L. Barber and Abraham Barber which was, in effect, for summary judgment dismissing the complaint insofar as asserted against the defendant Eva L. Barber.
ORDERED that the appeal by the defendant Abraham Barber is deemed dismissed pursuant to 22 NYCRR 1250.10(a); and it is further,
ORDERED that the order is affirmed insofar as appealed from by the defendant Eva L. Barber; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff commenced this action to foreclose a mortgage, alleging that the defendant Eva L. Barber (hereinafter Barber) defaulted on a residential home loan. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against Barber, to strike her answer, and for an order of reference. Barber and the defendant Abraham Barber cross-moved, inter alia, in effect, for summary judgment dismissing the complaint insofar as asserted against Barber, arguing that the plaintiff failed to comply with RPAPL 1304 and failed to comply with a provision in the mortgage requiring the plaintiff to provide a 30-day notice to cure upon a borrower's default under the loan agreement. The Supreme Court granted the plaintiff's motion and denied the cross motion. Barber appeals.
"To establish prima facie entitlement to judgment as a matter of law in an action to foreclose a mortgage, a plaintiff must produce the mortgage, the unpaid note, and evidence of default" (CitiMortgage, Inc. v McKenzie, 161 AD3d 1040, 1040; see Bank of N.Y. Mellon v Zavolunov, 157 AD3d 754, 755-756). Here, in support of its motion, the plaintiff produced the [*2]mortgage, the unpaid note, and evidence of default (see Arch Bay Holdings, LLC v Albanese, 146 AD3d 849; Deutsche Bank Natl. Trust Co. v Abdan, 131 AD3d 1001, 1002). Further, the plaintiff established, prima facie, that it complied with the notice requirements of RPAPL 1304, and with the requirement in the mortgage of providing a 30-day notice to cure as a condition precedent to commencing this action (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498, 508-509; Nassau Ins. Co. v Murray, 46 NY2d 828, 829; cf. US Bank N.A. v Sims, 162 AD3d 825, 826-827). In opposition, Barber failed to raise a triable issue of fact.
Accordingly, we agree with the Supreme Court's determination to grant those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Barber, to strike her answer, and for an order of reference, and to deny that branch of the cross motion which was, in effect, for summary judgment dismissing the complaint insofar as asserted against Barber.
AUSTIN, J.P., MALTESE, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court