Wells Fargo Bank, N.A. v Salazar (2019 NY Slip Op 08246)





Wells Fargo Bank, N.A. v Salazar


2019 NY Slip Op 08246


Decided on November 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2016-05502
2016-05505
2016-05509
 (Index No. 24494/09)

[*1]Wells Fargo Bank, National Association, etc., appellant, 
v
Rosa E. Salazar, respondent, et al., defendants.


Frenkel, Lambert, Weiss, Weisman & Gordon, LLP, Bay Shore, NY (Barry M. Weiss and Ruth O'Connor of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Valerie Brathwaite Nelson, J.), dated December 13, 2010, (2) an order of the same court entered March 11, 2014, and (3) an order of the same court entered December 3, 2015. The order dated December 13, 2010, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the complaint, to strike the answer of the defendant Rosa E. Salazar, and to appoint a referee to compute the amount due to the plaintiff. The order entered March 11, 2014, insofar as appealed from, denied those branches of the plaintiff's renewed motion which were for summary judgment on the complaint, to strike the answer of the defendant Rosa E. Salazar, and to appoint a referee to compute the amount due to the plaintiff. The order entered December 3, 2015, insofar as appealed from, upon reargument, adhered to the determination in the order entered March 11, 2014, denying those branches of the plaintiff's renewed motion which were for summary judgment on the complaint, to strike the answer of the defendant Rosa E. Salazar, and to appoint a referee to compute the amount due to the plaintiff.
ORDERED that the order dated December 13, 2010, is affirmed insofar as appealed from, without costs or disbursements; and it is further,
ORDERED that the appeal from the order entered March 11, 2014, is dismissed, without costs or disbursements, as the portion of the order appealed from was superseded by the order entered December 3, 2015, made upon reargument; and it is further,
ORDERED that the order entered December 3, 2015, is affirmed insofar as appealed from, without costs or disbursements.
On September 10, 2009, the plaintiff commenced this action to foreclose a mortgage against, among others, the defendant Rosa E. Salazar (hereinafter the defendant). The defendant answered the complaint, without raising the issue of standing. On August 2, 2010, the plaintiff moved, inter alia, for summary judgment on the complaint, to strike the defendant's answer, and to appoint a referee to compute the amount due to the plaintiff (hereinafter the 2010 motion). The defendant did not oppose the motion. The Supreme Court denied the motion, with leave to renew [*2]upon proper papers, including an affirmation from counsel in compliance with Administrative Order 548/10 of the Chief Administrative Judge of the State of New York.
On August 16, 2013, after filing an affirmation pursuant to Administrative Order 548/10, as amended by Administrative Order 431/11, the plaintiff made a renewed motion, inter alia, for summary judgment on the complaint, to strike the defendant's answer, and to appoint a referee to compute the amount due (hereinafter the 2013 motion). The defendant opposed that motion. By order entered March 11, 2014, the Supreme Court denied the 2013 motion.
Thereafter, on May 29, 2015, the plaintiff moved for leave to reargue the 2013 motion (hereinafter the 2015 motion). By order entered December 3, 2015, the court, upon reargument, adhered to its determination in the order entered March 11, 2014, denying the plaintiff's renewed motion, inter alia, for summary judgment on the complaint, to strike the defendant's answer, and to appoint a referee to compute the amount due to the plaintiff.
"Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (Deutsche Bank Natl. Trust Co. v Abdan, 131 AD3d 1001, 1002 [internal quotation marks omitted]; see HSBC Bank, USA v Hagerman, 130 AD3d 683, 683-684; Plaza Equities, LLC v Lamberti, 118 AD3d 688, 689). Here, with regard to the three motions made by the plaintiff which resulted in the orders appealed from, the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law. Specifically, although the plaintiff produced the subject note and mortgage, it failed to sustain its initial burden of demonstrating that the defendant defaulted in the repayment of the subject note.
In support of the 2010 motion, the plaintiff submitted an affidavit of the assistant secretary of its loan servicer, who did not attach any of the documentation upon which she relied to establish the defendant's default (see CPLR 4518[a]; Bank of N.Y. Mellon v Gordon, 171 AD3d 197; Deutshe Bank Natl. Trust Co. v Jung Lee, 170 AD3d 1117). In support of its 2013 motion, the plaintiff's papers were similarly deficient to establish the defendant's default in the repayment of the subject loan. The plaintiff proffered the affidavit of an officer of its loan servicer, attesting to the defendant's default based upon his review of payment records kept in the regular course of the loan servicer's business. However, the officer attached certain business records that inexplicably referenced a different borrower, not the defendant in the instant case, and this omission in supplying the payment records relating to the defendant was never rectified.
Accordingly, since the plaintiff did not demonstrate, on any of its motions, the defendant's default in payment under the note, the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law, to strike the defendant's answer, and to appoint a referee to compute the amount due to the plaintiff.
RIVERA, J.P., HINDS-RADIX, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court