JPMorgan Chase Bank, N.A. v Akanda (2019 NY Slip Op 08180)





JPMorgan Chase Bank, N.A. v Akanda


2019 NY Slip Op 08180


Decided on November 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2017-01933
 (Index No. 4719/13)

[*1]JPMorgan Chase Bank, National Association, respondent, 
v
Kaium Akanda, appellant, et al., defendants.


Maggio & Meyer, Bohemia, NY (Holly C. Meyer of counsel), for appellant.
Rosicki, Rosicki & Associates, P.C., Plainview, NY (Lijue T. Philip of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Kaium Akanda appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Kings County (Noach Dear, J.), dated December 8, 2016. The order and judgment of foreclosure and sale, upon an order of the same court (Johnny L. Baynes, J.) dated November 9, 2015, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Kaium Akanda, to strike that defendant's answer, and for an order of reference, among other things, granted the plaintiff's motion for a judgment of foreclosure and sale and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Kaium Akanda, to strike that defendant's answer, and for an order of reference are denied, the plaintiff's subsequent motion for a judgment of foreclosure and sale is denied, the order dated November 9, 2015, is modified accordingly, and an order of the same court dated December 8, 2016, is vacated.
On May 10, 2006, the defendant Kaium Akanda (hereinafter the defendant) executed a note in the sum of $414,400 in favor of JPMorgan Chase Bank, N.A. (hereinafter Chase). The note was secured by a mortgage on residential property located in Brooklyn. By assignment of mortgage dated May 20, 2008, Chase assigned the mortgage and the underlying note to Chase Home Finance, LLC (hereinafter Home Finance). Thereafter, pursuant to a certificate of merger dated April 27, 2011, Home Finance was merged into Chase, effective May 1, 2011.
On March 14, 2013, Chase commenced this action to foreclose the mortgage against, among others, the defendant. In his answer dated May 29, 2013, the defendant denied the material allegations in the complaint. Thereafter, Chase moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference. The defendant opposed the motion. In an order dated November 9, 2015, the Supreme Court granted Chase's motion and referred the matter to a referee to compute the amount due on the mortgage loan.
Subsequently, Chase moved for a judgment of foreclosure and sale. The defendant opposed the motion. In an order and judgment of foreclosure and sale dated December 8, 2016, the Supreme Court, inter alia, granted Chase's motion for a judgment of foreclosure and sale and directed the sale of the subject property. The defendant appeals from the order and judgment of foreclosure and sale.
This appeal from the order and judgment of foreclosure and sale brings up for review the order dated November 9, 2015, inter alia, granting that branch of Chase's motion which was for summary judgment on the complaint insofar as asserted against the defendant (see CPLR 5501[a][1]; Homecomings Fin., LLC v Guldi, 108 AD3d 506, 507).
"Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (Plaza Equities, LLC v Lamberti, 118 AD3d 688, 689; see Wells Fargo Bank, N.A. v Ballard, 172 AD3d 1440; Wells Fargo Bank, N.A. v Atedgi, 170 AD3d 1079, 1081). "On its motion for summary judgment, the plaintiff has the burden of establishing, by proof in admissible form, its prima facie entitlement to judgment as a matter of law" (Tri-State Loan Acquisitions III, LLC v Litkowski, 172 AD3d 780, 782; see Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d 737, 739).
Here, the affidavit of Mimoza Petreska, a vice president of Chase, submitted in support of Chase's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, was insufficient to establish the defendant's default in payment under the note (see Tri-State Loan Acquisitions III, LLC v Litkowski, 172 AD3d at 782; Bank of N.Y. Mellon v Gordon, 171 AD3d 197). The only business record annexed to Petreska's affidavit with regard to the default was a copy of the notice of default dated May 15, 2012, which merely stated, in conclusory fashion, that the defendant's loan was in default. Conclusory affidavits lacking a factual basis are without evidentiary value (see e.g. JMD Holding Corp. v Congress Fin. Corp., 4 NY3d 373, 385). Moreover, "[w]hile a witness may read into the record from the contents of a document which has been admitted into evidence, a witness's description of a document not admitted into evidence is hearsay" (U.S. Bank N.A. v 22 S. Madison, LLC, 170 AD3d 772, 774 [citation omitted]; see Bank of N.Y. Mellon v Gordon, 171 AD3d 197). "[I]t is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted" (Bank of N.Y. Mellon v Gordon, 171 AD3d at 205). Since Chase failed to establish the defendant's default in payment under the note, Chase failed to establish its prima facie entitlement to judgment as a matter of law, as well as its entitlement to an order of reference and a judgment of foreclosure and sale (see Tri-State Loan Acquisitions III, LLC v Litkowski, 172 AD3d at 783).
Moreover, Chase failed to establish, prima facie, its compliance with RPAPL 1304, which provides that "at least [90] days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower" (RPAPL 1304[1]). RPAPL 1304 requires that the notice be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower (see RPAPL 1304[2]). "[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106; see Deutsche Bank Natl. Trust Co. v Spanos, 102 AD3d 909, 910).
A defense based on noncompliance with RPAPL 1304 may be raised at any time during the action (see Bank of N.Y. Mellon v Weber, 169 AD3d 981, 985; Flagstar Bank, FSB v Jambelli, 140 AD3d 829, 830). Thus, contrary to Chase's contention, the defendant properly raised the issue of compliance with RPAPL 1304 in opposition to Chase's motion, inter alia, for summary judgment.
Moreover, as the defendant contends, Petreska's affidavit was insufficient to establish that the RPAPL 1304 notice was mailed, because Petreska did not submit proof of a standard office [*2]mailing procedure or any independent proof of the actual mailing (see JPMorgan Chase Bank, N.A. v Williams, 170 AD3d 1142, 1143; Wells Fargo Bank, N.A. v Moran, 168 AD3d 1128, 1129).
The defendant waived any defense based on Chase's alleged failure to comply with the condition precedent set forth in the mortgage requiring Chase to provide him with a notice of default, since he did not raise this defense in his answer or in any motion for leave to amend his answer (see CPLR 3015[a]; Federal Natl. Mtge. Assn. v Onuoha, 172 AD3d 1170; see also Nationstar Mtge., LLC v Vordermeier, 165 AD3d 822, 822-823).
Since Chase failed to establish its prima facie entitlement to judgment as a matter of law, those branches of its motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference should have been denied, regardless of the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med Ctr., 64 NY2d 851, 853).
RIVERA, J.P., AUSTIN, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court