KeyBank N.A. v Barrett (2019 NY Slip Op 08835)





KeyBank N.A. v Barrett


2019 NY Slip Op 08835


Decided on December 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2017-08020
 (Index No. 35544/13)

[*1]KeyBank National Association, etc., respondent,
v
Eugene Barrett, etc., et al., appellants, et al., defendants.


Michael Kennedy Karlson, New York, NY, for appellants.
Shapiro, DiCaro & Barak, LLC (Reed Smith LLP, New York, NY [Brian P. Matthews and Diane A. Bettino], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Eugene Barrett and Hughenia Barrett appeal from a judgment of foreclosure and sale of the Supreme Court, Rockland County (Robert M. Berliner, J.), dated June 13, 2017. The judgment of foreclosure and sale, upon an order of the same court dated August 19, 2016, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants and for an order of reference, directed the sale of the subject property.
ORDERED that the judgment of foreclosure and sale is reversed, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Eugene Barrett and Hughenia Barrett and for an order of reference are denied, and the order dated August 19, 2016, is modified accordingly.
The plaintiff commenced this action to foreclose a mortgage given by the defendants Eugene Barrett and Hughenia Barrett (hereinafter together the defendants). The defendants interposed an answer in which they asserted various affirmative defenses, including failure to comply with RPAPL 1304. The plaintiff subsequently moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. The defendants opposed the motion on the ground, inter alia, that the plaintiff failed to establish compliance with RPAPL 1304. By order dated August 19, 2016, the Supreme Court, inter alia, granted those branches of the plaintiff's motion. The Supreme Court thereafter issued a judgment of foreclosure and sale dated June 13, 2017. The defendants appeal from the judgment of foreclosure and sale.
To establish prima facie entitlement to judgment as a matter of law in an action to foreclose a mortgage, a plaintiff must produce the mortgage, the unpaid note, and evidence of default (see Deutsche Bank Natl. Trust Co. v Abdan, 131 AD3d 1001; HSBC Bank, USA v Hagerman, 130 AD3d 683; Plaza Equities, LLC v Lamberti, 118 AD3d 688). Additionally, in a residential foreclosure action, a plaintiff moving for summary judgment must tender "sufficient evidence demonstrating the absence of material issues as to its strict compliance with RPAPL 1304" (Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106). RPAPL 1304(1), which applies to home loans, provides that "at least ninety days before a lender, an assignee or a mortgage loan servicer [*2]commences legal action against the borrower . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." The statute sets forth the requirements for the content of such notice, and provides that such notice must be sent by registered or certified mail and by first-class mail to the last known address of the borrower and to the subject residence (see RPAPL 1304[2]). By requiring the lender or mortgage loan servicer to send the RPAPL 1304 notice by registered or certified mail and also by first-class mail, " the Legislature implicitly provided the means for the plaintiff to demonstrate its compliance with the statute, i.e., by proof of the requisite mailing,' which can be established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure'" (Bank of Am., N.A. v Bittle, 168 AD3d 656, 658, quoting Wells Fargo Bank, NA v Mandrin, 160 AD3d 1014, 1016; see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498, 508-509; Nassau Ins. Co. v Murray, 46 NY2d 828, 829-830). Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action (see Citimortgage, Inc. v Banks, 155 AD3d 936, 936-937; HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822, 825-826; Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95), and "the plaintiff has the burden of establishing satisfaction of this condition" (Aurora Loan Servs., LLC v Weisblum, 85 AD3d at 106; see U.S. Bank N.A. v Ismail, 170 AD3d 1066; Citibank, N.A. v Wood, 150 AD3d 813; Flagstar Bank, FSB v Damaro, 145 AD3d 858).
Here, the plaintiff failed to establish, prima facie, that it complied with the requirements of RPAPL 1304 (see M & T Bank v Joseph, 152 AD3d 579; CitiMortgage, Inc. v Pappas, 147 AD3d 900; Bank of N.Y. Mellon v Aquino, 131 AD3d 1186; Deutsche Bank Natl. Trust Co. v Spanos, 102 AD3d 909). Contrary to the plaintiff's contention, the affidavit of Theresia Ang, assistant vice president for the loan servicer, PHH Mortgage Corporation (hereinafter PHH), which was submitted in support of the motion, was insufficient to establish that the notice was sent to the defendants in the manner required by RPAPL 1304 (see U.S. Bank N.A. v Ismail, 170 AD3d 1066; Citibank, N.A. v Wood, 150 AD3d 813). While Ang attested that "a ninety (90) day pre-foreclosure notice" was sent to the defendants "by registered or certified and first class mail," and attached a copy of the notice along with a proof of filing statement from the New York State Banking Department, "the plaintiff failed to attach, as exhibits to the motion, any documents to prove that the mailing actually happened" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 21; see Wells Fargo Bank, NA v Mandrin, 160 AD3d at 1016). The plaintiff did not submit an affidavit of service, or proof of mailing by the post office evincing that it served the defendants pursuant to RPAPL 1304 by registered or certified mail and also by first-class mail to their last known address (see CitiMortgage, Inc. v Pappas, 147 AD3d at 901). Moreover, while Ang attested that she had personal knowledge of the records maintained in PHH's electronic record keeping system, the plaintiff failed to submit proof of "a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (Wells Fargo Bank, NA v Mandrin, 160 AD3d at 1016; see Marchai Props., L.P. v Fu, 171 AD3d 722; Wells Fargo Bank, N.A. v Taylor, 170 AD3d 921; U.S. Bank N.A. v Fisher, 169 AD3d 1089; Deutsche Bank Natl. Trust Co. v Heitner, 165 AD3d 1038).
Since the plaintiff failed to establish that it strictly complied with RPAPL 1304 (see Citibank, N.A. v Wood, 150 AD3d at 813), the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference, regardless of the sufficiency of the opposing papers (see Marchai Props., L.P. v Fu, 171 AD3d 722; U.S. Bank N.A. v Fisher, 169 AD3d at 1092).
The defendants' remaining contentions either need not be reached in light of our determination or are without merit.
DILLON, J.P., COHEN, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court