Wells Fargo Bank, N.A. v Eitani (2020 NY Slip Op 00320)





Wells Fargo Bank, N.A. v Eitani


2020 NY Slip Op 00320


Decided on January 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
HECTOR D. LASALLE, JJ.


2017-05688
 (Ind. No. 507424/13)

[*1]Wells Fargo Bank, N.A., etc., respondent,
v
Doron Eitani, et al., defendants, David Cohan, appellant.


Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for appellant.
McGlinchey Stafford PLLC, New York, NY (Brian S. McGrath and Mitra Paul Singh of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant David Cohan appeals from an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated March 30, 2017. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant and for an order of reference, and denied that defendant's cross motion, inter alia, for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In May 2005, the defendant Doron Eitani (hereinafter the borrower) executed a promissory note in favor of Argent Mortgage Company in the principal sum of $560,000, which was secured by a mortgage encumbering certain real property in Brooklyn. The note and mortgage were thereafter assigned to the plaintiff. The borrower defaulted on his payment obligations by failing to pay the monthly installment of principal and interest due on August 1, 2005, or any monthly installment due thereafter. In March 2011, the borrower transferred title to the subject property to the defendant David Cohan.
Thereafter, the plaintiff commenced this action against the borrower and Cohan, among others. The borrower did not serve an answer or otherwise appear in the action. However, issue was joined by Cohan.
The plaintiff subsequently moved, inter alia, for summary judgment on the complaint insofar as asserted against the borrower and Cohan and for an order of reference. Cohan opposed the motion and cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against him on the ground, among others, that the plaintiff failed to comply with the notice requirements of RPAPL 1304. The Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the borrower and Cohan and for an order of reference, and denied Cohan's cross motion. Cohan appeals.
On appeal, Cohan contends that the Supreme Court should not have awarded the plaintiff summary judgment because he properly raised the defense of lack of compliance with RPAPL 1304 and the plaintiff failed to establish, prima facie, that it was not required to give notice to the borrower in accordance with RPAPL 1304 or that it provided such notice to the borrower in strict accordance with RPAPL 1304. Similarly, Cohan also contends that he was entitled to summary judgment due to the plaintiff's failure to comply with the notice requirements of RPAPL 1304.
Contrary to Cohan's contention, he lacked standing to raise the issue of compliance with RPAPL 1304 as a defense herein. "[T]he borrower is the only mortgagor and the only person named on the note. Although [Cohan] as the current owner of the subject property, is a proper party to this foreclosure action, as [he] may be subject to the mortgage lien and may have [his] rights in the property cut off due to a default on the mortgage, it does not necessarily follow that [he] may properly assert, either in [his] own right or on behalf of the borrower, any defense that was or could have been asserted by the borrower. Rather, as relevant here, the notice requirements of RPAPL 1304 were enacted for the benefit and protection of borrowers who are natural persons. The statutory defense created by RPAPL 1302(2) for noncompliance with RPAPL 1304 is a personal defense which could not be raised by [Cohan], a stranger to the note and underlying mortgage" (Citimortgage, Inc. v Etienne, 172 AD3d 808, 809-810 [citations and internal quotations marks omitted]; see Greene v Rachlin, 154 AD3d 814). Thus, the merits of the issue are not properly before this Court.
Accordingly, we agree with the Supreme Court's determination to grant those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Cohan and an order of reference and to deny Cohan's cross motion, inter alia, for summary judgment dismissing the complaint insofar as asserted against him.
MASTRO, J.P., LEVENTHAL, MILLER and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court