Bank of N.Y. Mellon v Ramsamooj (2021 NY Slip Op 03299)





Bank of N.Y. Mellon v Ramsamooj


2021 NY Slip Op 03299


Decided on May 26, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
PAUL WOOTEN, JJ.


2017-10725
2017-10785
2018-06948
2018-07925
 (Index No. 600922/15)

[*1]Bank of New York Mellon, etc., respondent,
v
Baldeo Ramsamooj, et al., defendants, Jessica Boissard, appellant.


The Ranalli Law Group, PLLC, Hauppauge, NY (Ernest E. Ranalli of counsel), for appellant.
Davidson Fink, Rochester, NY (Ashley E. Ragan of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Jessica Boissard appeals from (1) an order of the Supreme Court, Suffolk County (C. Randall Hinrichs, J.), dated June 30, 2017, (2) an order of the same court also dated June 30, 2017, (3) an order of the same court dated April 17, 2018, and (4) a judgment of foreclosure and sale of the same court also dated April 17, 2018. The first order dated June 30, 2017, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Jessica Boissard, to strike her answer and counterclaims, and for an order of reference. The second order dated June 30, 2017, insofar as appealed from, granted the same relief and appointed a referee to compute the amount due to the plaintiff. The order dated April 17, 2018, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale. The judgment of foreclosure and sale, upon the orders dated June 30, 2017, and April 17, 2018, confirmed the referee's report and directed the sale of the subject property.
ORDERED that the appeals from the orders dated June 30, 2017, and April 17, 2018, are dismissed; and it is further,
ORDERED that the judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeals from the orders dated June 30, 2017, and April 17, 2018, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the judgment of foreclosure and sale (see CPLR 5501[a][1]).
In December 2006, the defendant Jessica Boissard (hereinafter the defendant) conveyed the subject property, located in Suffolk County, to the defendant Baldeo Ramsamooj. On that same date, Ramsamooj executed a note in favor of America's Wholesale Lender, which was secured by a mortgage encumbering the subject property. In May 2010, Ramsamooj conveyed the [*2]subject property back to the defendant. Ramsamooj allegedly defaulted on the note in July 2011. By assignment of mortgage dated November 29, 2011, Mortgage Electronic Registration Systems, Inc., as nominee for America's Wholesale Lender, assigned the mortgage to the plaintiff. In January 2015, the plaintiff commenced this mortgage foreclosure action. The plaintiff thereafter moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer and counterclaims, and for an order of reference. The Supreme Court granted that motion. The plaintiff then moved to confirm the referee's report and for a judgment of foreclosure of sale. The court granted that motion and issued a judgment of foreclosure and sale. The defendant appeals.
"The notice requirements of RPAPL 1304 were enacted for the benefit and protection of borrowers" (HSBC Bank USA, N.A. v Tigani, 185 AD3d 796, 799). Here, it is undisputed that Ramsamooj is the only mortgagor and the only person named on the note. Although the defendant is the current owner of the subject property and a proper party to this foreclosure action, "'it does not necessarily follow that [she] may properly assert, either in [her] own right or on behalf of the borrower, any defense that was or could have been asserted by the borrower'" (Wells Fargo Bank, N.A. v Eitani, 179 AD3d 866, 867, quoting Citimortgage, Inc. v Etienne, 172 AD3d 808, 809-810). The defendant, as a stranger to the note and mortgage agreement, therefore cannot assert a defense based on RPAPL 1304 (see HSBC Bank USA, N.A. v Tigani, 185 AD3d at 799; Wells Fargo Bank, N.A. v Eitani, 179 AD3d at 867; Citimortgage, Inc. v Etienne, 172 AD3d at 809-810).
Contrary to the defendant's contention, the Supreme Court properly confirmed the referee's report. The court afforded the defendant the opportunity to present evidence in opposition to the motion to confirm and the defendant presented no evidence that the referee's computations were inaccurate. Under these circumstances, "the referee was not required to conduct a hearing prior to the issuance of [his] report to the court" (Cenlar FSB v Glauber, 188 AD3d 1141, 1144; see Nationstar Mtge., LLC v Paganini, 191 AD3d 790; Capital One, N.A. v Knollwood Props. II, LLC, 98 AD3d 707).
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
DILLON, J.P., HINDS-RADIX, DUFFY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court